[Crim. No. 942.  In Bank.—December 5, 1902.]

## THE PEOPLE, Respondent, v. DAISY JACKSON, Appellant.

CRIMINAL LAW—APPEAL—ORDER REFUSING TO SETTLE EXCEPTIONS—
REMEDY.—The refusal of the trial judge to settle a bill of excep-
tions, or to allow particular exceptions according to the facts, is not
a final or conclusive order affecting the substantial rights of the
defendant, from which an appeal is allowed. The remedy is by
*mandamus* to compel the judge to act in settling the bill, and by
petition to this court to prove exceptions not allowed according
to the facts.

ID.—PROCEDURE TO COMPLETE RECORD—DISMISSAL OF APPEAL.—The
procedure ought to be such as would complete the record before
an appeal from the judgment is brought up. It is improper prac-
tice to have an appeal from the judgment pending at the same
time with an appeal from an order refusing to settle a proposed
bill of exceptions therefor, and the latter appeal will be dismissed.

MOTION to dismiss an appeal from an order refusing to
settle a bill of exceptions to be used upon appeal from a judg-
ment of the Superior Court of San Diego County. N. H.
Conklin, Judge.

The facts are stated in the opinion of the court.

Tirey L. Ford, Attorney-General, for the motion on behalf
of Respondent.

Dadmun & Escobar, for Appellant, *contra*.

BEATTY, C. J.—This is an appeal by the defendant in a
criminal action from an order made after final judgment
refusing to settle her bill of exceptions as proposed. It seems
that more than ten days after the conclusion of her trial she
presented a bill which included not only her exceptions taken
at the trial, but also her exception to an order of the court
denying her motion to set aside the information with the
proceedings thereon which took place before entry of her plea.
Objection was made to the allowance of that part of the bill
relating to the motion, upon the ground that it was the proper
subject of a separate bill, which under the statute (Pen. Code,

sccs. 1172-1174) should have been presented within ten days after the ruling complained of. This objection was sustained, and so much of the bill as stated the proceedings upon the motion and her exception to the order, was stricken out.

This is the order from which the present appeal is taken, and the attorney-general has moved to dismiss upon the ground that such an order is not appealable.

The appellant relies upon the third subdivision of section 1237 of the Penal Code, which authorizes an appeal by the defendant in a criminal action from any order made after judgment affecting his "substantial rights."

This clearly sustains the appeal, if the order in question affected the defendant's substantial rights. The refusal to allow a bill of exceptions according to the facts would necessarily affect the substantial rights of a defendant appealing from a judgment of conviction, if the order was final and conclusive. But it is not. If the trial judge refuses to act upon a proper application to settle a bill of exceptions, this court will issue its mandate compelling him to act, and if he refuses to include in the bill any exception according to the facts, he may upon petition to this court prove it here and have it allowed. This is the remedy specially provided by the code (Pen. Code, sec. 1174), and it is more effective and more expeditious than an appeal. The inconvenience of resorting to an appeal is illustrated by this case, where we have an appeal from the judgment pending at the same time with this appeal from the order refusing to allow a part of the bill. The procedure in such cases ought to be such as would complete the record before any appeal from the judgment is brought up. It may be added in favor of this view that it accords with the long-settled and universal practice in this state, where no such appeal as the present has ever been taken before. (See *Whipple* v. *Hopkins,* 119 Cal. 349.)

The appeal is dismissed.

Harrison, J., McFarland, J., Van Dyke, J., and Garoutte, J., concurred.