## THE PEOPLE *v.* BARQUET ET AL.

### APPEAL from the District Court of Ponce.

No. 439.—Decided June 8, 1912.

APPEAL—BILL OF EXCEPTIONS—CORRECTION OF FORMER OPINION.—An order refusing to settle a bill of exceptions in accordance with the facts is not final and conclusive and, therefore, an ordinary appeal therefrom does not lie. In cases of this kind the procedure which should be followed is that provided for in section 298 of the Code of Criminal Procedure. The case of *The People v. Fernández,* 12 P. R. R., 36, has been referred to and some clerical errors in the opinion and syllabus have been corrected.

The facts are stated in the opinion.

*Mr. Felipe Casalduc* for appellant.

*Mr. Charles E. Foote, fiscal,* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

A criminal action was prosecuted by The People of Porto Rico in the District Court of Ponce against Juan and Narciso Barquet for violation of the Internal Revenue Laws. The court rendered judgment of conviction against the accused and the latter took an appeal to the Supreme Court. The appellant's counsel submitted to the trial judge a statement of the case and bill of exceptions, and the judge, on April 20, 1912, decided as follows:

"Having considered this statement of the case and bill of exceptions in conjunction with the stenographic notes taken during the trial, the court orders that a new bill be drawn which shall contain

the amendments made by this court and already indicated in said bill of exceptions, and that all the matter stricken out with ink appearing in said bill shall be stricken therefrom, and when submitted thus drawn up, the new bill shall be approved.''

The bill was amended in accordance with the order of the judge, who, on April 23, 1912, approved and certified it in the following terms:

''This court approves the foregoing statement of the case, which contains, after including the amendments introduced by the undersigned judge, the original bill submitted by the appellant.. The undersigned judge certifies that the present bill contains a faithful and exact transcript of the testimony given by the witnesses during the trial of this case and of the opinion of the court relative to the evidence, which was ordered entered on the record, and the secretary is instructed to file the approved bill and join the same to the record so as to form part thereof.''

The defendant, through counsel, took an appeal to the Supreme Court from the orders of April 20 and 23, 1912. The transcript was filed on April 27, and on the 13th of May the *fiscal* requested that the appeal be dismissed, as the aforesaid orders were unappealable. A hearing of the *fiscal's* request having been had on May 27 last, the case was then submitted to our consideration and decision.

Section 347 of our Code of Criminal Procedure, which is the same as section 1237 of the Penal Code of California, provides that the defendant may take an appeal from an order made after judgment affecting the substantial rights of the party.

The appellants sustain that their appeal is taken in accordance with this provision of law, but the Supreme Court of California has decided that, in view of the provisions of section 1174 of the Penal Code of said State, equal in the pertinent portion thereof to section 298 of our Code of Criminal Procedure, an order refusing to allow a bill of exceptions

in accordance with the facts is not final and conclusive, and therefore the ordinary resort of an appeal therefrom cannot be had.

In the case of *People* v. *Cox*, 76 Cal., 281, it was decided that if the judge should refuse to insert what was actually said the remedy is to apply to the Supreme Court for leave to prove an exception which the judge below refused to settle according to the facts, as provided by section 1174 of the Penal Code.

In the case of *People* v. *Jackson*, 138 Cal., 32, it was decided that:

"The refusal of the trial judge to settle a bill of exceptions, or to allow particular exceptions according to the facts, is not a final or conclusive order affecting the substantial rights of the defendant, from which an appeal is allowed. The remedy is by *mandamus* to compel the judge to act in settling the bill, and by petition to this court to prove the exceptions not allowed according to the facts.

"The procedure ought to be such as to complete the record before an appeal from the judgment is brought up. It is improper practice to have an appeal from the judgment pending at the same time with an appeal from an order refusing to settle a proposed bill of exceptions therefor, and the latter appeal will be dismissed."

For further information on this subject, the case of *The People* v. *Fernández,* decided by this Supreme Court on February 5, 1907, and reported in volume 12, page 36, of its reports, should be referred to. Through a clerical error the word "appeal" instead of "petition" is used in the syllabus of this case and in some paragraphs of the opinion. From the perusal of the whole opinion the conclusion is readily reached that the matter in question was one of procedure followed in pursuance of the provisions of section 298 of the Code of Criminal Procedure. The syllabus and the opinion should be understood as corrected in the sense herein set forth.

For the reasons above stated the motion of the *fiscal*

should be allowed and the appeal from the orders of April 20 and 23, 1912, dismissed.

*Dismissed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.