### EL PUEBLO *v.* BARQUET ET AL.

APELACIÓN procedente de la Corte Distrito de Ponce.

No. 439.—Resuelto en junio 8, 1912.

APELACIÓN—EXPOSICIÓN DEL CASO—DENEGATORIA DE APROBACIÓN.—Una orden rehusando aprobar un pliego de excepciones de acuerdo con los hechos, no es final y conclusiva y por consiguiente no cabe establecer contra ella el recurso ordinario de apelación. En casos de esta naturaleza el procedimiento que debe seguirse es el definido en el artículo 298 del Código de Enjuiciamiento Criminal. El caso de *El Pueblo* v. *Fernández* (12 D. P. R., 30), es examinado y algunos errores clericales que contiene la opinión y el resumen son corregidos.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Felipe Casalduc.*

Abogado del apelado: *Hon. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

En la Corte de Distrito de Ponce, se siguió una causa criminal por El Pueblo de Puerto Rico contra Juan y Narciso Barquet, por infracción a las leyes de rentas internas. La corte dictó sentencia condenando a los acusados y éstos establecieron contra ella recurso de apelación para ante este

Tribunal Supremo.   El abogado de los apelantes sometió al juez sentenciador una "exposición del caso y pliego de excepciones," y el juez, en 20 de abril de 1912, resolvió:

"Considerado este pliego de exposición del caso y de excepciones en relación con las notas taquigráficas tomadas durante el juicio, la corte ordena que se redacte un nuevo pliego introduciendo en él las enmiendas hechas por esta corte ya indicadas en el mismo pliego y eliminando todo aquello que en el mismo pliego aparece tachado con líneas de tinta, y presentado que fuera el nuevo pliego así redactado, se aprobará."

El documento fué enmendado de acuerdo con lo ordenado por el juez y éste, el 23 de abril de 1912, lo aprobó y certificó en la siguiente forma:

"Esta corte aprueba el anterior pliego de exposición del caso que contiene incluídas las enmiendas introducidas por el juez que suscribe, el pliego original presentado por la parte apelante, y el juez que suscribe certifica que el presente pliego contiene una reproducción fiel y exacta de las declaraciones prestadas por los testigos durante el juicio de esta causa y de las consideraciones que esta corte hiciera sobre la apreciación de la prueba, las que ordenó se hicieran constar en el récord; y se ordena que el secretario proceda a archivar el pliego aprobado y a unirlo a los autos para que forme parte del mismo."

Los acusados por conducto de su abogado apelaron para ante esta Corte Suprema de las órdenes de 20 y 23 de abril de 1912.   La transcripción fué archivada el 27 de abril, el 13 de mayo el Fiscal solicitó que se desestimara el recurso por no ser apelables las órdenes citadas, y celebrada la vista de dicha solicitud el 27 de mayo último, el caso quedó sometido a nuestra consideración y resolución.

El artículo 347 de nuestro Código de Enjuiciamiento Criminal, igual al 1237 del Código Penal de California, prescribe que el acusado puede apelar de una providencia dictada después del fallo que afecte los derechos sustanciales de la parte.

Los apelantes sostienen que su recurso está autorizado por ese precepto legal, pero se ha decidido por la Corte Suprema de California que, en atención a lo dispuesto en la

sección 1174 del Código Penal de dicho Estado, igual en lo pertinente al artículo 298 de nuestro Código de Enjuiciamiento Criminal, una orden rehusando aprobar un pliego de excepciones de acuerdo con los hechos, no es final y conclusiva y por consiguiente no cabe establecer contra ella el recurso ordinario de apelación.

En el caso de *People* v. *Cox,* 76 Cal., 281, se resolvió que cuando el juez sentenciador al aprobar un pliego de excepciones, rehusa consignar lo que sucedió realmente, el remedio que tiene el apelante es irse en alzada a la Corte Suprema para probar la excepción que el juez se negó a establecer de acuerdo con los hechos, como prescribe la sección 1174 del Código Penal.

Y en el de *People* v. *Jackson,* 138 Cal., 32, se decidió que: "La negativa de un juez sentenciador a aprobar un pliego de excepciones, o a permitir que se consigne una excepción de acuerdo con los hechos, no es una orden final y conclusiva que afecte los derechos sustanciales del acusado, de la cual se pueda apelar. El remedio es por *mandamus* para compeler al juez sentenciador a resolver sobre la aprobación, y por petición a esta Corte Suprema para probar la excepción que no se permitió establecer de acuerdo con los hechos.

"El procedimiento debe ser tal que permita completar el récord antes de que se presente la apelación en la Corte Suprema. Es una práctica impropia tener pendiente la apelación de la sentencia al mismo tiempo que la apelación de una orden rehusando aprobar el pliego de excepciones en que se basa la apelación, y la apelación de esta última debe desestimarse."

A los efectos de una mayor ilustración sobre esta materia, debe consultarse el caso de *El Pueblo* v. *Fernández,* 12 D. P. R., 36. Por error clerical se consigna en el resumen de dicho caso y en algunos párrafos de la opinión, la palabra "apelación" en vez de "alzada," o "petición." Claramente se concluye por la lectura de toda la opinión, que se trataba de un procedimiento seguido invocando el artículo 298 del Código

de Enjuiciamiento Criminal. El resumen y la opinión deben entenderse corregidos en el sentido que indicamos.

Por las razones expuestas, debe declararse con lugar la moción del Fiscal y desestimarse la apelación interpuesta en este caso contra las órdenes de 20 y 23 de abril de 1912,

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.