PEOPLE, PLAINTIFF AND APPELLEE, *v*. FIGUEROA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in a Prosecution for Murder in the First Degree.—*In re* Extension of Time.

No. 2262.—Decided June 12, 1924.

APPEAL—STATEMENT OF CASE.—Section 347 of the Code of Criminal Procedure does not allow an appeal from an order refusing to grant the defendant an extension of the time for filing a statement of the case. For this reason the appeal was dismissed at the instance of the *Fiscal*.

The facts are stated in the opinion.

*Mr. B. Pagán* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In a criminal case and, according to appellant, after a sentence of life imprisonment the District Court of Guayama refused to grant an extension of time to file a statement of the case. The theory of the district court was that in accordance with the jurisprudence of this court it was without authority to grant the extension, inasmuch as the motion for such an extension was presented too late. The appellant moved for a reconsideration, maintaining that his motion was in time. He set up that his motion, mailed in San Juan on the 23rd day of January, 1923, arrived in Guayama on the next day, January 24th, after the close of hours of the court, and that the letter only failed of delivery on that day because the secretary of the court could not be found. In various decisions we have held that it is the duty of a party to see that a paper to be served reaches the hands of the secretary. *Díaz et al* v. *Pastor,* 29 P.R.R. 88, and cases cited. A party has no right to rely on the mails for prompt delivery.

In this case, however, The People of Porto Rico asks for a dismissal because the order of the court is not appealable. The theory is that the order is not comprehended within the appealable orders mentioned in section 347 of the Code of Criminal Procedure, as follows:

"Sec. 347.—An appeal may be taken by the defendant:
"1.—From a final judgment of conviction;
"2.—From an order denying a motion for a new trial;
"3.—From an order made after judgment, affecting the substantial rights of the party."

That an order of this kind is not appealable, has been virtually decided in the cases of *People* v. *Barquet,* 18 P. R.R. 465, and *People* v. *Jackson,* 138 Cal. 32. In the latter case the Supreme Court of California said:

"The refusal of the trial judge to settle a bill of exceptions, or to allow particular exceptions according to the facts, is not a final or conclusive order affecting the substantial rights of the defendant, from which an appeal is allowed. The remedy is by *mandamus* to compel the judge to act in settling the bill, and by petition to this court to prove the exceptions not allowed according to the facts.
"The procedure ought to be such as to complete the record before an appeal from the judgment is brought up. It is improper practice to have an appeal from the judgment pending at the same time with an appeal from an order refusing to settle a proposed bill of exceptions therefor, and the latter appeal will be dismissed."

Perhaps in a case like the present if the appellant in the main appeal would ask to be relieved of the consequences of his neglect this court would have a discretion to order a statement to be made.

The appeal here, however, must be dismissed.

*Appeal dismissed.*

Chief Justice Del Toro and Justices Aldrey and Franco Soto concurred.

Mr. Justice Hutchison dissented.