EL PUEBLO, DEMANDANTE Y APELADO, *v.* FIGUEROA, ACUSADO Y APELANTE.

No. 2262.—*Visto:* Abril 22, 1924. *Resuelto:* Junio 12, 1924.

APELACIONES CRIMINALES—TÉRMINO PARA PRESENTAR LA EXPOSICIÓN DEL CASO—DESESTIMACIÓN DE APELACIÓN.—El artículo 347 del Código de Enjuiciamiento

. Criminal no autoriza la apelación de una resolución que niega una prórroga al acusado para presentar la exposición del caso por estar vencido el término. Por esta razón la apelación fué desestimada a petición del fiscal.

Moción sobre desestimación de apelación. *Desestimado el recurso.*

B. *Pagán,* abogado del apelante; *José E. Figueras, Fiscal,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En un caso criminal y según el apelante, después de dictada sentencia de prisión perpetua la Corte de Distrito de Guayama se negó a conceder una prórroga para radicar una exposición del caso. La teoría de la corte de distrito era que de acuerdo con la jurisprudencia de este tribunal carecía dicha corte de jurisdicción para conceder la prórroga toda vez que la moción interesando tal prórroga fué presentada demasiado tarde. El apelante archivó una moción de reconsideración sosteniendo que su moción estaba dentro del término. El alegó que su moción, que fué puesta en el correo de San Juan el día 23 de enero de 1923, llegó a Guayama el día siguiente, enero 24, después de las horas de oficina de la corte, y que la carta no se entregó ese día únicamente porque el secretario de la corte no pudo ser hallado. En varias decisiones hemos resuelto que es el deber de una parte estar al tanto de que un documento que ha de ser entregado llegue a manos del secretario. *Díaz et al.* v. *Pastor,* 29 D.P.R. 95, y casos en él citados. Una parte no tiene derecho alguno a confiar en el correo para la pronta entrega.

En este caso, sin embargo, el Pueblo de Puerto Rico solicita la desestimación de la apelación por no ser apelable la resolución dictada por la corte. La teoría es que la orden no está comprendida dentro de las resoluciones apelables que menciona el artículo 347 del Código de Enjuiciamiento Criminal, el cual es como sigue:

"Art. 347.—El acusado puede apelar:

"1. De una sentencia condenatoria definitiva.

"2. De una providencia denegando una petición para la celebración de nuevo juicio.

"3. De una providencia dictada después del fallo que afecte los derechos sustanciales de la parte."

Que una resolución como ésta no es apelable, ha sido virtualmente resuelto en los casos de *El Pueblo v. Barquet,* 18 D.P.R. 478, y *El Pueblo v. Jackson,* 138 Cal. 32. En el último la Corte Suprema de California se expresó así:

"La negativa de un juez sentenciador a aprobar un pliego de excepciones, o a permitir que se consigne una excepción de acuerdo con los hechos, no es una orden final y conclusiva que afecte los derechos sustanciales del acusado, de la cual se pueda apelar. El remedio es por mandamus para compeler al juez sentenciador a resolver sobre la aprobación, y por petición a esta Corte Suprema para probar la excepción que no se permitió establecer de acuerdo con los hechos.

"El procedimiento debe ser tal que permita completar el récord antes de que se presente la apelación en la Corte Suprema. Es una práctica impropia tener pendiente la apelación de la sentencia al mismo tiempo que la apelación de una orden rehusando aprobar el pliego de excepciones en que se basa la apelación, y la apelación de esta última debe desestimarse."

Tal vez si en un caso como el presente el apelante en la apelación principal solicitase ser eximido de las consecuencias de su abandono esta corte tendría discreción para ordenar que se preparara una exposición del caso.

La apelación interpuesta en este caso debe, sin embargo, *ser desestimada.*

El Juez Asociado Sr. Hutchison disintió.