El Pueblo de Puerto Rico, demandante y apelado, *v.* José Rosario Gelpí y José Rafael Gelpí, acusados y apelantes.

Núm. 45.—*Sometido:* Noviembre 27, 1939. *Resuelto:* Diciembre 8, 1939.

751

*Gelpí & Gelpí,* abogados de los apelantes; *E. Díaz Viera,* Fiscal del Distrito de Mayagüez, en representación de la Corte inferior.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Los peticionarios fueron procesados y castigados por desacato con motivo de las manifestaciones que hicieron en cierta moción presentada en la corte inferior interesando el traslado del caso de Neftalí Vidal Garrastazú y Juana Garrastazú contra Juan A. Monagas y otros, civil número 783. Al dictarse la orden citando los peticionarios por desacato, el título y párrafo inicial de la misma se expresaron así:

"En la Corte de Distrito del Distrito Judicial de Mayagüez, Puerto Rico.—El Pueblo de Puerto Rico vs. José Rosario Gelpí y José Rafael Gelpí, sobre Desacato.—Orden.—POR CUANTO en el caso que ante esta Corte se sigue por los demandantes Neftalí Vidal Garrastazú y Juana Garrastazú contra Juan A. Monagas, Sucesión de Ramón E. Beauchamps, Sucesión de doña Rosario de la Rosa y Sucesión de don José Arturo Monagas Cedó, bajo el número civil 783 sobre Nulidad y otros extremos, se ha radicado por la firma de abogados Gelpí y Gelpí, constituída por los licenciados José Rosario Gelpí y José Rafael Gelpí, en su carácter de abogados de los demandantes en dicho caso, la moción que literalmente copiada lee como sigue: ..."

Apelaron los querellados de la sentencia que se les impuso por desacato, y al preparar el taquígrafo la transcripción de autos que fué certificada por la Secretaria interina de la Corte de Distrito de Mayagüez, al copiar la orden anteriormente aludida, primer documento que aparece en la transcripción de autos, expuso el título en la siguiente forma:

"En la Corte de Distrito del Distrito Judicial de Mayagüez, Puerto Rico.—Neftalí Vidal Garrastazú y Juana Garrastazú, Demandantes, vs. Juan A. Monagas, Sucesión de Ramón E. Beauchamps, Sucesión de Rosario de la Rosa y Sucesión de José Arturo Monagas y Cedó, Demandados, Civil Núm. 783, sobre Nulidad y otros extremos.—El Pueblo de Puerto Rico vs. José Rosario Gelpí y José Rafael Gelpí, Incidente sobre desacato."

Al preparar el taquígrafo la transcripción de evidencia omitió cierto documento consistente en un pliego de cargos contra el juez, que alegan los peticionarios ofrecieron en evidencia y no admitió la corte.

No habiendo accedido la corte inferior a eliminar del título de la orden citando por desacato todo lo relativo al caso civil número 783, y rehusando ordenar la inclusión del documento antes mencionado en la transcripción de evidencia preparada por el taquígrafo, instaron los peticionarios este procedimiento, invocando el artículo 298 del Código de Enjuiciamiento Criminal, suplicando que se ordene al juez de la corte *a quo* que dicte la orden oportuna para que se lleven a efecto la eliminación e inserción respectivamente solicitadas por los peticionarios.

 Del párrafo inicial de la orden citando a los peticionarios por desacato afirmativamente aparece que fué dentro del caso civil número 783 que se radicó la moción que la corte estimó constitutiva de desacato. Por consiguiente, el desacato fué un incidente del pleito número 783 y el hecho de que al expedirse la orden citando por desacato se hubiera omitido el nombre de las partes, número de radicación y naturaleza de la acción en el caso civil número 783, en nada

puede afectar el derecho de los peticionarios, pues aparte de que el título no determina la índole del procedimiento, es un hecho cierto, conforme aparece del párrafo inicial anteriormente transcrito, que la orden citando por desacato fué dictada como un incidente del referido caso número 783 y que en dicho párrafo se expone la misma materia del título cuya eliminación se solicita. Por lo tanto, en nada se perjudican los derechos sustanciales de los peticionarios al ajustar el taquígrafo los autos a la verdad agregando el título del caso número 783.

Por lo expuesto, procede denegar la eliminación solicitada.

Pasemos ahora a la segunda de las cuestiones suscitadas por los peticionarios, la que se refiere a la inserción del documento o pliego de cargos en la transcripción de evidencia. De ésta aparece que al llamarse a la vista del caso por desacato, los peticionarios presentaron varias cuestiones de derecho, entre ellas una moción solicitando que el incidente de desacato fuese trasladado también a otra corte por razones similares a las que sirvieron de base a la moción en que se solicitó el traslado del caso principal, civil número 783. Tuvo lugar entonces el siguiente incidente:

"Hon. Juez:

"A los efectos de resolver esta moción de traslado fundada, como explica uno de los querellados ahora, por enemistad personal con el Juez de esta Corte, el Juez que preside este Tribunal hace constar enfáticamente que aunque los abogados querellados sean enemigos personales e irreconciliables del Juez de esta Corte, el Juez de la Corte no corresponde a esa enemistad porque realmente no hay motivo fundado para ello.

"El Juez que fué querellado no puede tener en cuenta que se le formularan cargos por el querellado José Rafael Gelpí, porque esos cargos fueron investigados y si para alguna cosa sirvieron fué para realzar la honorabilidad de esta Corte y del Juez que la preside.

"Entiende la Corte además que aun en la hipótesis de que este Juez fuera enemigo de los abogados querellados, que no lo es, si se

sintiera enemigo de ellos sería incapaz de entrar en este proceso, pero aun en esa hipótesis, el Juez de esta Corte, sostenido por la Ley, entiende que es la persona mejor preparada para entender en los cargos formulados a los querellados. Por esta razón declara sin lugar la moción de traslado.

"Lic. José Rosario Gelpí:

"Vamos a pedir a V. H. que todo lo expuesto por V. H. sea eliminado por no ser materia de evidencia y no estar expuesto bajo juramento.

"Hon. Juez: La Corte no esta en la obligación de resolver bajo juramento, sino como entiende la Corte que debe resolver.

"Lic. José Rosario Gelpí:

"Respetuosamente tomamos excepción a la resolución de la Corte por el fundamento de que estamos dispuestos a presentar prueba para sostener nuestra moción.

"Hon. Juez:

"La Corte hace constar que *no admitirá prueba de ninguna clase en la moción de traslado del desacato,* porque entiende que los acusados no han sido citados para la celebración de un juicio sino para exponer las razones legales que tengan por las cuales no deban ser castigados por desacato.

"Lic. José Rosario Gelpí:

"Tomamos excepción a la última resolución de la Corte porque siempre que se trate de un proceso criminal, y éste es un proceso criminal, que envuelve de acuerdo con la ley penalidad, y se le ha privado a los acusados de un derecho constitucional de presentar evidencia para demostrar la enemistad del Hon. Juez de la Corte y los acusados; y porque todas las manifestaciones hechas por la Corte son meras manifestaciones y no evidencia para ser apreciada en el caso de que el Tribunal Supremo tenga que considerar todas estas cuestiones. Queremos ofrecer o hacer constar que íbamos a ofrecer como evidencia para probar la enemistad, en primer término una copia de los cargos formulados a V. H., que vamos a presentar si es que V. H. lo permite.

"Hon. Juez:

"Su Señoría puede presentar todo lo que tenga a bien. La Corte resuelve si es permisible o no, puesto que ya resolvió que no iba a admitir prueba a la moción de traslado.

"Lic. José Rosario Gelpí:

"*Nosotros vamos a presentar y queremos que conste en récord...*

"Hon. Fiscal:

"Yo me opongo porque eso no es para el récord.

"Hon. Juez:

"Los taquígrafos no tomarán esa oferta de prueba por haber resuelto la Corte que no admite prueba.

"Lic. José Rosario Gelpí:

"Tomamos excepción a la resolución de la Corte, de ese hecho, privándonos relatar la prueba *que íbamos a ofrecer tanto documental* como testifical para sostener la moción de traslado.

"Hon. Juez:

"Ya los compañeros tienen en récord la afirmación de la Corte de los cargos formulados por el compañero José Rafael Gelpí y que esos cargos resultaron para realzar la honorabilidad del Juez de esta Corte. Anoten los compañeros excepción.

"Lic. José Rosario Gelpí:

"Volvemos a anotar excepción porque estas cuestiones no son evidencia; y también tomamos excepción de la manifestación de la Corte 'anoten excepción los compañeros', por considerar que ellas por sí mismas prejuzgan las cuestiones que se han ido planteando por la manera y la forma en que se dicen.

"Hon. Juez:

"¿Alguna otra cuestión?

"Lic. José Rosario Gelpí:

"Sí, tenemos otras más." (Bastardillas nuestras.)

Es verdad que en la página 29 de la transcripción de evidencia aparecen los peticionarios diciendo: "Queremos ofrecer o hacer constar que íbamos a ofrecer como evidencia, etc.''; pero es también cierto que inmediatamente después de la resolución de la corte que sigue a las palabras de los peticionarios que acabamos de transcribir, ofrecieron éstos y expresaron su deseo de que constase en récord dicha evidencia, lo cual impidió la corte a instancias del fiscal, al dictar la siguiente resolución: "Los taquígrafos no tomarán esa oferta de prueba por haber resuelto la corte que no admite prueba.''

Una corte de justicia carece de facultades para impedir que un litigante ofrezca cualquier evidencia que estime relevante. Si la corte cree que la evidencia no es admisible por cualquier razón legal, su deber es denegar su admisión, pero no puede impedir que el taquígrafo tome razón de la prueba

ofrecida, para que este tribunal, al recurrirse a él, pueda determinar si fué o no errónea la negativa del tribunal inferior, y si el perjuicio que pudo haber sufrido el recurrente justifica una revocación de la sentencia.

En el presente caso la orden terminante de la corte justificó a los peticionarios en no insistir en que el taquígrafo hiciese constar en el récord que se marcase el documento ofrecido como "evidencia ofrecida y no admitida." No obstante, conforme aparece de la certificación del secretario de la corte inferior y de la declaración jurada del subsecretario de la misma corte que actuó en la vista del caso, dicho documento quedó en poder del secretario que actuaba en el juicio y fué marcado por éste en la siguiente forma: "Caso de *El Pueblo de Puerto Rico* v. *José Rosario Gelpí y otro,* por desacato. *Exhibit* núm. 1 de la defensa. (*Denegada por la corte su admisión.*)" Véanse *exhibits* "D" y "E" de los peticionarios, al final de los autos de este caso número 45.

Véase el caso de *Pueblo* v. *Barquet et al.,* 18 D.P.R. 478, donde refiriéndose al caso de *People* v. *Cox,* 76 Cal. 281, se dijo lo siguiente:

"En el caso de *People* v. *Cox,* 76 Cal. 281, se resolvió que cuando el juez sentenciador al aprobar un pliego de excepciones rehusa consignar lo que sucedió realmente, el remedio que tiene el apelante es irse en alzada a la Corte Suprema para probar la excepción que el juez se negó a establecer de acuerdo con los hechos, como prescribe la sección 1174 del Código Penal."

Como la transcripción de evidencia según ha sido aprobada por la corte y remitida a este tribunal no refleja la verdad exacta de la evidencia ofrecida ante ella, procede ordenar que por el secretario de la corte inferior se certifique y remita a este tribunal una copia de la evidencia marcada por él *"exhibit* núm. 1 de la defensa"*, anteriormente aludida, para que se una y forme parte de la transcripción de evidencia en el caso civil núm. 8009 pendiente en este tribunal.