[Crim. No. 4892. In Bank. Apr. 19, 1949.]

In re RALPH H. MANCHESTER, on Habeas Corpus.

Ralph H. Manchester, in pro. per., and C. K. Curtright, under appointment by the Supreme Court, for Petitioner.

Fred N. Howser, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondents.

SHENK, J.—The petitioner seeks his release from Folsom Prison on allegations that the prosecution knowingly used perjured testimony and false exhibits to obtain his conviction.

The petitioner was convicted on November 2, 1943, in the Superior Court in Sacramento County of the crime of incest committed on his 10-year-old daughter, Elaine. He was represented by counsel throughout the trial proceedings. No appeal was taken from the judgment nor from the order denying his motion for a new trial. Instead of taking an appeal, his counsel unsuccessfully sought to have the petitioner declared a sexual psychopath pursuant to section 5500 et seq., of the Welfare and Institutions Code.

Several prior applications have been prosecuted by the petitioner on grounds similar to those here presented. In June, 1944, he filed in this court an application for the writ of error *coram nobis* (Crim. 4562), on the ground that he was convicted through perjured testimony. The application was considered as more properly one for the writ of habeas corpus and was on June 12th denied for the reason that there was no allegation that the prosecution knowingly offered perjured testimony. On January 4, 1945, a petition for the writ of habeas corpus was denied by the District Court of Appeal, Third Appellate District (3 Crim. 1900). In February, 1945, a petition for the writ of habeas corpus was filed in this court (Crim. 4621). That application was denied on March 22d, after the transcript of the evidence and other proceedings at the trial had been examined and on the ground that the allegations in the petition fell short of a showing that testimony at the trial was not the truth, or if it was false that the prosecuting attorney knew of its falsity. On November 16, 1945, the petitioner filed in the Superior Court in Sacramento County (Crim. No. 15623) an application for the writ of error *coram nobis* based on the same grounds. The application was denied on November 29, 1945, and no appeal was taken from the order of denial. On January 10, 1946, another application for the writ of habeas corpus was denied by the District Court of Appeal, Third District (3 Crim. 1957).

On March 29, 1948, the present petition was filed alleging that the petitioner's conviction was obtained on perjured testimony and false exhibits knowingly used by the prosecution at his trial.

On the return to the writ the petitioner appeared in propria persona and requested that the court appoint counsel to represent him. Counsel was appointed and time was allowed to

file briefs. The court reserved the question whether disputed questions of fact might develop which would require the appointment of a referee.

It may not be questioned that there was evidence at the trial that the petitioner committed the act charged against him. It is not necessary to relate that evidence in detail. The petition contains many contentions and arguments which would be appropriate only on an appeal from the judgment. ■ Habeas corpus may not serve as a substitute for an appeal. (*In re Lindley,* 29 Cal.2d 709, 722 [177 P.2d 918].) Consideration will therefore be given to the sole question whether facts are alleged which, if proved to be true, would support a conclusion that the prosecution knowingly permitted the introduction of perjured testimony and false exhibits on the trial of the petitioner. (See *Mooney* v. *Holohan,* 294 U.S. 103 [55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406].) The relief sought may not be accorded unless the petitioner has sufficiently alleged facts in support of his position. ■ Allegations which merely go to show that testimony given at the trial was contradicted, and for that reason the falsity must have been known to the prosecution, are insufficient as a basis of knowledge of their alleged false nature. Reliance solely upon such inconsistencies and contradictions as a foundation for the allegation that false testimony was knowingly used by the prosecution presents questions merely of weight and credibility which generally are not reviewable even on appeal from the judgment. ■ Therefore in his application the petitioner must set forth not only the facts which he contends prove perjury on the part of the witness and knowledge thereof on the part of the prosecution, but it must also be shown that those facts existed independently of the contradictions appearing at the trial. The facts alleged must also indicate that the petitioner had no opportunity to present the alleged true matter on the trial; that is, that there was such suppression of the truth by the authorities as prevented his discovery and use thereof at the trial. Otherwise the defendant on trial could himself suppress the facts and reserve a case for his later release.

■ As the applicant's counsel states, it follows that the question remaining to be determined is whether the circumstances alleged are sufficient to cause this court to exercise its powers to receive evidence dehors the record and to order a reference.

To support his allegation that the charge was a "frame-up" the petitioner points to his wife's testimony at the trial that four days after the date of the alleged offense she saw him sitting in a parked automobile with a woman at a time when he should have been at work; that she spoke to him; that she then went home and on the way met Elaine, the daughter, returning from school; that she "didn't know what made her ask" but she questioned Elaine about her father's conduct toward her. This testimony was given at the trial subject to any contradiction which the petitioner now asserts. The petitioner knew where he was and who was with him, and he could have testified at the time of trial to the facts material on the question of motive for the prosecution of the charge. Otherwise, the possible motive as an inference of frame-up was before the jury from the wife's own testimony.

The petitioner contends that a towel introduced in evidence and identified by the prosecutrix was a false exhibit. He dwells on the improbability that four days after the alleged offense Mrs. Manchester could pick out an identifiable towel from the soiled clothes container, since the household contained many towels of the same kind. The specific point of alleged falsity is that the petitioner, as he now asserts and offers proof, had chronic gonorrhea and the towel was not shown to have those organisms on it; therefore, that the exhibit could not have been a towel used by him. He also relies on testimony that the child was examined for venereal infection and none was found. Again the petitioner does not indicate his lack of knowledge or opportunity to disclose the asserted facts at the trial.

Matters of contradiction in or sufficiency of the evidence and prejudice in the court's rulings on the trial are urged. In these respects the petitioner claims some discrepancies in the testimony of the daughter as to when the act occurred in relation to his present contention concerning his whereabouts during the day; also in her testimony that she obtained from the clothes closet a convertible hot water bottle to use for a douche, whereas the wife testified that when she left for work that Saturday morning the contrivance was being used to relieve a stiffness in the petitioner's neck.

The petitioner asserts that the court permitted two alleged prior convictions to be read to the jury although he had admitted them and that the court misinstructed the jury in specifying the date of the alleged offense as "on or about" the 25th of September, 1943, whereas the information specified

only that date. He also accuses the prosecution of prejudicial misconduct in the course of the trial and argument, and charges his trial counsel with incompetency.

As pointed out in *In re Lindley* (*supra*, 29 Cal.2d at pp. 723, 724) the sufficiency of the evidence or error in rulings during the trial are not proper issues for consideration in this proceeding. Without further discussion it clearly appears that the petitioner's application is based on asserted inconsistencies and contradictions appearing in the testimony at the trial, prejudice in the trial court's rulings, misconduct of counsel for the prosecution and incompetency of his own counsel. He presents no statement of independent facts of knowledge of falsity or suppression of the asserted facts on the part of the prosecution. This is not sufficient to support a conclusion that his constitutional guaranty of due process has been violated. It therefore becomes unnecessary to appoint a referee.

The application for the appointment of a referee is denied. The writ is discharged and the petitioner is remanded to custody.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.