[Crim. No. 5014. In Bank. June 13, 1950.]

In re JOSEPH JOHN RAZUTIS, on Habeas Corpus.

Joseph John Razutis, in pro. per., and John H. Paine, under appointment by the Supreme Court, for Petitioner.

Fred N. Howser, Attorney General, and Clarence A. Linn, Deputy Attorney General, for Respondent.

GIBSON, C. J.—Petitioner, who is confined in the State Prison at San Quentin after conviction of two counts of grand theft, seeks his release from custody on the grounds that he was denied due process of law by reason of certain matters occurring prior to his trial, and that police officers suppressed evidence by intimidating witnesses and thereby deprived him of the means of establishing his defense.

The petition was filed in propria persona, and thereafter this court appointed counsel who filed a brief and argued herein on behalf of petitioner. It has been difficult to ascertain the facts because no reporter's transcript of the proceedings at the trial has been prepared, petitioner having failed to file a timely notice of appeal. There has been lodged in this court, however, the original clerk's record in the trial court which contains a certified copy of the reporter's transcript of the preliminary examination. This record shows that petitioner was convicted on two counts of grand theft, apparently on the theory that he obtained money from the complaining witness by false pretenses.

The first complaint of petitioner is that he was deprived of the right to counsel during his preliminary examination because one witness was examined out of order during the absence of petitioner's counsel. It appears that the case

was set for preliminary examination at 9 o'clock in the morning and that the committing magistrate, after waiting until 10:54 for counsel to appear, took the testimony of one witness and then continued the case until 1:45 that afternoon, at which time defendant's counsel appeared and participated in the remainder of the preliminary examination without raising any objection to the prior proceedings and without making any attempt to have the witness recalled for examination or cross-examination. Thereafter, although petitioner was also represented by counsel at the trial, no motion was made to set aside the information, and there is no claim that any objection was made on this ground by motion or otherwise. It appears that counsel at the preliminary examination was aware of the fact that some proceedings were taken during his absence, and it may be assumed that counsel at the trial was also aware of this fact, since petitioner was entitled to demand a copy of the transcript of those proceedings, and no claim is made that he or his counsel did not receive one as provided in Penal Code section 870. Under these circumstances, where it appears that both defendant and his counsel had knowledge of all the facts and that they knowingly proceeded to trial without making any complaint, it is clear that there was an effective waiver of the objections. (Cf., In re Tedford, 31 Cal.2d 693, 694 [192 P.2d 3]; In re Connor, 16 Cal.2d 701, 706 [108 P.2d 10]; People v. Harris, 219 Cal. 727, 729-730 [28 P.2d 906]; People v. Greene, 80 Cal.App.2d 745, 747-749 [182 P.2d 576].)

 Complaint is also made of a number of asserted irregularities in connection with petitioner's arrest and preliminary examination, including the claim of lack of sufficient evidence to warrant holding him for trial, but none of them furnish ground for release on habeas corpus after trial and conviction. All of these objections relate to the legality of the commitment by the magistrate, and petitioner's remedy was by motion pursuant to section 995 of the Penal Code to set aside the information. No such motion was made and, accordingly, any invalidity in the proceedings prior to the commitment is deemed waived under section 996.* (In re Tedford, 31 Cal.

---

*Section 995 provides that an information may be set aside on motion on the grounds that "1. That before the filing thereof the defendant had not been legally committed by a magistrate. 2. That the defendant had been committed without reasonable or probable cause." Section 996 provides: "If the motion to set aside the indictment or information is not made, the defendant is precluded from afterwards taking the objections mentioned in the last section."

2d 693, 694 [192 P.2d 3] ; *People* v. *Harris,* 219 Cal. 727, 729-730 [28 P.2d 906] ; *People* v. *Coates,* 95 Cal.App.2d 78, 80 [212 P.2d 263] ; *In re Heinze,* 116 Cal.App. 286, 288-289 [2 P.2d 561] ; *In re Northcott,* 71 Cal.App. 281, 283 [235 P. 458].)

Petitioner finally contends that his conviction resulted from the suppression of evidence by reason of the wrongful intimidation of witnesses by the police. He alleges that there were three witnesses whose testimony would have established his innocence, and that he was prevented from establishing a full and complete defense when these witnesses "were run out of town by the police of the City of Oakland." No further facts are alleged, but attached to the petition are copies of affidavits by petitioner's brother, Julius, and two friends, James E. Land and Thomas Curry, which state that after the preliminary examination, but before the trial, they visited petitioner's attorney and were told that the police wanted to see them; that they went to the city jail and were questioned by inspectors who told them to leave town or they would be thrown in jail; and that in view of the threats they had no choice but to return to their homes in Chicago. The affidavits of Land and Curry assert that they were "well acquainted with the case" and did not believe that petitioner was guilty, but they do not purport to state the facts with reference to the transactions on which the charges were based or to specify the facts, to which they would testify, that would establish a lack of guilt. The brother's affidavit does not indicate that he had any knowledge of the transactions or that he could give any material evidence favorable to petitioner.

The claim that a conviction was obtained because evidence was deliberately suppressed is similar to the claim that the conviction resulted from the use of perjured testimony. In both cases the essence of the charge is that petitioner has been deprived of his liberty by reason of a deliberate deception of court and jury, and it is incumbent on him to show that there was a material deception and that there was knowledge thereof on the part of the prosecuting officers. (See *In re Swain,* 34 Cal.2d 300, 302 [209 P.2d 793] ; *In re Manchester,* 33 Cal.2d 740, 742 [204 P.2d 881] ; *In re Lindley,* 29 Cal.2d 709, 722-724 [177 P.2d 918] ; *In re Mooney,* 10 Cal.2d 1, 15 [73 P.2d 554].) As stated in the Manchester case, *supra* (33 Cal.2d at p. 742), "The relief sought may not be accorded unless the petitioner has sufficiently alleged facts in support

of his position. . . . The facts alleged must also indicate that the petitioner had no opportunity to present the alleged true matter on the trial; that is, that there was such suppression of truth by the authorities as prevented his discovery and use thereof at the trial. Otherwise the defendant on trial could himself suppress the facts and reserve a case for his later release." (See, also, *In re Swain,* 34 Cal.2d 300, 302 [209 P.2d 793].)

In the present case, the petition is deficient in a number of respects. In the first place, the showing made is not sufficient to enable us to pass on the materiality of the assertedly suppressed evidence, or to determine whether there was a material deception. As we have seen, there was no appeal, and no reporter's transcript of the trial proceedings has been produced, and the petition does not state what the actual facts are or specify the precise testimony which would have been given by the witnesses. While the affidavits state that the affiants were "well acquainted with the case and did not believe that petitioner was guilty of the charge," there is no specification of the facts, to which they would testify, that would tend to establish a lack of guilt. Under these circumstances it is clear that the showing of materiality is insufficient.

Further, while the application states that the alleged witnesses were "run out of town by the police," there is no charge that the prosecuting authorities had knowledge of the asserted suppression of evidence. The only statement indicating the identity of any officer having such knowledge is the recital in the brother's affidavit that an "Inspector Hash" told him to leave town, and there is no allegation that this inspector or any other officer who questioned the witnesses was connected in any way with the prosecution of petitioner.

Moreover, the petition does not show any explanation for the delay in raising the question of suppression of evidence or any excuse for petitioner's failure to present the evidence. (See *In re Swain,* 34 Cal.2d 300, 302 [209 P.2d 793].) Such an explanation is particularly necessary in a case such as the present where it appears from the application that the asserted witnesses are the brother and two friends of the petitioner and that he not only knew of their existence and identity but probably knew the facts to which they would testify, and where it also appears that the witnesses visited the attorney who represented petitioner at the preliminary examination and apparently had some conversation with him about the case prior to the trial.

Petitioner has requested that a referee be appointed to ascertain the facts relating to the asserted suppression of evidence, but it is apparent from the foregoing that he is not entitled to this relief on the basis of his present application. As stated in *In re Swain*, 34 Cal.2d 300, 304 [209 P.2d 793], ''We are entitled to and do require of a convicted defendant that he allege with particularity the facts upon which he would have a final judgment overturned and that he fully disclose his reasons for delaying in the presentation of those facts. This procedural requirement does not place upon an indigent prisoner who seeks to raise questions of the denial of fundamental rights in propria persona any burden of complying with technicalities; it simply demands of him a measure of frankness in disclosing his factual situation.''

The order to show cause is discharged, and the application for the writ is denied without prejudice to the filing of a new petition which shall meet the requirements above specified.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.