**WOOLLOMES v. HEINZE, Warden of California State Prison at Folsom.**

No. 13224.

United States Court of Appeals
Ninth Circuit.

Aug. 21, 1952.

Rehearing Denied Sept. 16, 1952.

Lyle Woollomes, pro. per.

Edmund G. Brown, Atty. Gen. of Cal., Clarence A. Linn, Asst. Atty. Gen. of Cal., Charles E. McClung, Deputy Atty. Gen. of Cal., for appellee.

Before MATHEWS, HEALY and ORR, Circuit Judges.

ORR, Circuit Judge.

Woollomes appeals from an order of the district court dismissing his petition for a writ of habeas corpus. The petition charges the deliberate suppression of cer-

578

tain evidence by the prosecution at the time of his trial for murder in the state courts.

The dismissal below was based upon the asserted failure of Woollomes to exhaust his state remedies as required by 28 U.S. C.A. § 2254. While we do not agree that dismissal on this ground was proper we find other reasons amply sufficient to sustain the judgment.

On February 23, 1938 two men held up the Burp Hollow Cafe in Los Angeles and killed the proprietor. Woollomes and a man named Lariscy were convicted of the robbery and murder, and the conviction was upheld by the California Supreme Court. People v. Lariscy, 1939, 14 Cal.2d 30, 92 P.2d 638. Woollomes did not petition the California Supreme Court for a writ of habeas corpus until 1950. The appellee contends that the petitioner presented no reason for this delay and that such neglect constituted a failure to comply with a State of California procedural requirement that a belated attack upon a criminal conviction must set forth some explanation for the delay and, hence, the Supreme Court of California dismissed his petition on that ground. In re Swain, 1949, 34 Cal.2d 300, 209 P.2d 793; In re Razutis, 1950, 35 Cal.2d 532, 219 P.2d 15.

■ It is well settled that there can be no exhaustion of state remedies until there has been submitted a petition that conforms to state procedural requirements. See, Buchanan v. O'Brien, 1 Cir., 1950, 181 F.2d 601. We are unable to say, however, that the California Supreme Court's denial of the writ of habeas corpus without opinion in 1950 was based upon non-compliance with procedural requirements. In contrast to the instant situation the State Supreme Court in the Swain case carefully noted: "The application for the writ is denied without prejudice to the filing of a new petition which shall meet the requirements above specified." In re Swain, supra,

34 Cal.2d at page 304, 209 P.2d at page 796. See also In re Razutis, supra, 35 Cal. 2d at page 537, 219 P.2d at page 18. The California Supreme Court further indicated in said cases that the requirement of explaining the delay in seeking the writ was based upon the particular facts of those cases, the significant facts being set out in the Court's opinion.[1]

■ While Woollomes' petition to the State Supreme Court did not in terms set forth the reason why the writ was not sought until eleven years after the convictions for robbery, attempted robbery, and murder, paragraph X of the petition alleged that Woollomes had been serving a term of imprisonment for robbery and attempted robbery which, at the time his petition was presented, had but recently expired, thus removing a bar to the making of an application for a writ of habeas corpus for release from the alleged void imprisonment for murder. A prisoner confined on one or more charges must complete valid terms of imprisonment before applying for a writ of habeas corpus for release from an alleged illegal imprisonment, since the inquiry on habeas corpus is limited to the propriety of the *present detention*. McNally v. Hill, 1934, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. See Carlson v. Landon, 1952, 342 U.S. 524, 546, 72 S.Ct. 525. Notwithstanding appellant could have elected to seek release from imprisonment on the robbery charge in the perpetration of which the murder was committed, we think that was solely a matter for Woollomes to decide. He chose to treat one conviction as valid and to serve time therefor. The state could not deny him that privilege, nor can it now take advantage of that election. Woollomes' petition on its face stated a legal excuse for delay in seeking the writ. The reasonable inference, therefore, is that the California Supreme Court denied the petition on the merits of the case. Since

1. Petitioner in the Swain case did not appeal from the judgment of conviction and, despite the ten previous attacks upon its validity, then raised the question of perjury for the first time. Petitioner in the Razutis case alleged deliberate suppression of evidence by the prosecution, but

the asserted witnesses were the brother and two friends of the petitioner, and it appeared that petitioner, prior to the trial, knew not only of their existence and identity, but probably knew the facts to which they would testify.

there has been denial of certiorari by the Supreme Court, 1950, 340 U.S. 897, 71 S.Ct. 235, 95 L.Ed. 650, Woollomes has exhausted his state remedies within the meaning of Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

Woollomes alleges in his petition that he has been deprived of constitutional rights in that the prosecution suppressed certain evidence during his trial. Deliberate suppression of evidence may well constitute proper ground for release where there has been connivance or actual fraud by the prosecution preventing use of evidence by the accused at his trial. Pyle v. Kansas, 1942, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214; Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791. In support of his contention of suppression of evidence appellant has presented a number of affidavits. Petitioner alleges that prior to the trial the police department and the coroner's office refused to disclose the names of certain witnesses to the crime; that after trial a list containing the names of ten or more witnesses who had not been called by the prosecution at the trial was found on file at the coroner's office. Seven of the witnesses, subsequent to trial, were interrogated and executed affidavits to the effect that Woollomes had not committed the crime. These affidavits, however, give no indication that evidence was deliberately suppressed by the prosecution. No affidavit states that knowledge possessed by the affiant favorable to the accused was made known to the proper officials prior to the trial.

■ Five of the affidavits make no mention of police interrogation. Manifestly no contrivance to suppress evidence could exist on the part of officials in the absence of knowledge of the evidence.

Affiant Philbin was contacted by appellant's counsel after trial, and an interview he states he had with a deputy district attorney was subsequent to the date of the interview Philbin had with appellant's lawyers.

Affiant Goldfield swears that he was called to a "show-up" of Woollomes and Lariscy by the police department but the affidavit does not state what, if anything, Goldfield told the police at that time. Further, Goldfield's affidavit, like that Philbin, suggests that defense counsel was advised of Goldfield's knowledge prior to the time the prosecutor became aware of it.

The affidavit of the Midcalfs, who interrogated the seven eye witnesses subsequent to the trial, adds no additional facts. There is no allegation that the prosecution knew the nature of the witnesses' knowledge and, therefore, there could not have been suppression.

■ The affidavits disclose at most newly discovered evidence. In fact, affidavits presumably made by the same individuals as those used in support of the instant petition were relied on to support the motion for a new trial before the state court and designated as newly discovered evidence. The Governor of the State of California granted commutation of the death sentence because of evidence allegedly discovered after trial.

■ Woollomes finally attempts to support his petition by means of affidavits from the members of the jury that convicted him. These ex-jurors proclaim that had the alleged eye witnesses testified at the trial the verdict would have been not guilty. These affidavits have no more force here than if used in an attempt to impeach a verdict. "The judgment as uttered is the sole embodiment of the jury's act." 8 Wigmore, Evidence, § 2349, (3d ed. 1940). Cf. Mattox v. United States, 1892, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917; Young v. United States, 10 Cir., 1947, 163 F.2d 187, certiorari denied, 1947, 332 U.S. 770, 68 S.Ct. 83, 92 L.Ed. 355, and cases cited therein, 163 F.2d at page 188.

Since the petition presents no claim upon which relief may be granted, its dismissal was proper. Helvering v. Gowran, 1937, 302 U.S. 238, 58 S.Ct. 154, 82 L.Ed. 224; J. E. Riley Investment Co. v. Commissioner of Internal Revenue, 1940, 311 U.S. 55, 61 S.Ct. 95, 85 L.Ed. 36.

Judgment affirmed.