[Crim. No. 3524.   First Dist., Div. Two.   May 14, 1958.]

In re AL ADAMS, on Habeas Corpus.

Edward T. Mancuso, Public Defender (San Francisco), and Joseph G. Kennedy, Deputy Public Defender, for Petitioner.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Arlo E. Smith, Deputy Attorney General, and Thomas C. Lynch, District Attorney (San Francisco), for Respondent.

KAUFMAN, P. J.—Petitioner Al Adams, presently held in the county jail of the city and county of San Francisco, seeks a writ of habeas corpus. Petitioner was sentenced for violations of Vehicle Code, sections 502 and 483, and Municipal Police Code, section 152. The public defender was appointed to represent the petitioner. At the trial on November 8, 1957, the public defender, not the petitioner, entered a plea of not guilty, waived a jury trial and submitted the case on the police report. Petitioner alleges that his constitutional right was violated as he did not personally waive a jury trial, nor could he properly have done so because of his alcoholic condition at the time of the trial. The People do not dispute the allegations of the petitioner, but state only that the petitioner is imprisoned pursuant to a valid judgment.

A violation of a defendant's constitutional right during the trial is ground for an attack on the judgment by habeas corpus. (*In re Wallace*, 24 Cal.2d 933 [152 P.2d 1].)

Article I, section 7 of the state Constitution, provides in part: "The right of trial by jury shall be secured and remain inviolate, . . . A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court, by the defendant and his counsel." As we said recently in *People* v. *Pechar*, 130 Cal.App.2d 616 at page 617 [279 P.2d 570], where the identical point was raised on appeal, the above constitutional provision "has been construed repeatedly to require an express as distinguished from an implied consent to the waiver by the defendant personally, as well as by his counsel. (Citing cases.) The right to trial by jury in a criminal case is a sacred one and accordingly the method of waiver provided in the Constitution must be strictly followed. For this reason 'it is necessary that the defendant personally express in open court, that he consents to a waiver of trial by jury.' (*People* v. *Washington*, 95 Cal.App.2d *supra*, at p. 455 [213 P.2d 70].)" The Pechar case has recently been followed in *People* v. *Benjamin* (1956), 140 Cal.App.2d 703 [295 P.2d 477]; *People* v. *Barnum* (1957), 147 Cal.App.2d

803, 809 [305 P.2d 986], on facts somewhat less compelling than those in the instant case.

The record here does not show a waiver of jury trial in the manner required by article I, section 7 of our state Constitution. It is a little difficult for this court to imagine the violation of a more fundamental constitutional right than that which occurred here. (*In re James*, 38 Cal.2d 302 [240 P.2d 596].)

It is therefore our view that the judgment and commitment are void and that the petitioner is entitled to his immediate release. (*In re Howe*, 135 Cal.App.2d 604 [287 P.2d 510].)

The order to show cause is granted; a writ of habeas corpus shall issue and the petitioner is hereby discharged from custody forthwith. The sheriff of the city and county of San Francisco is ordered to discharge the petitioner from custody forthwith.

Dooling, J., and Draper, J., concurred.

A petition for a rehearing was denied June 13, 1958, and respondent's petition for a hearing by the Supreme Court was denied July 11, 1958. Shenk, J., and Spence, J., were of the opinion that the petition should be granted.