Henry **HUGHES**, Appellant,

v.

Robert A. **HEINZE**, Warden, Folsom State Prison, Appellee.

No. 16242.

United States Court of Appeals Ninth Circuit.

June 29, 1959.

Henry Hughes, in pro. per., Robert W. Gibbs, San Francisco, Cal., for appellant.

Stanley Mosk, Atty. Gen., G. A. Strader, Doris H. Maier, Deputy Attys. Gen., State of California, for appellee.

Before HEALY, ORR and HAMLIN, Circuit Judges.

HAMLIN, Circuit Judge.

Appellant, Henry Hughes, was convicted in 1952 of the crime of burglary before the Superior Court of the State of California in Orange County, California. He admitted four prior convictions and sentences. The Court found him to be an habitual criminal under the provisions of California law, and sentenced him accordingly. No appeal was taken by appellant from the judgment of conviction and he is now confined in the California State Prison at Folsom.

The question presented by this appeal is whether appellant's petition for habeas corpus filed in the District Court on June 9, 1958, was properly denied by that Court.

On application therefor, this court (1) granted Hughes' motion to proceed upon this appeal in forma pauperis, (2) appointed counsel to represent him on the appeal, and (3) set aside a certificate of the District Court that the appeal was not taken in good faith.

■ In his petition to the District Court appellant asserted eight reasons why the writ should issue. The warden's uncontroverted return shows that all but three of these were reasons which had never before been presented to a State Court. Our independent examination of appellant's petition filed with the California Supreme Court in 1957 verifies this. Appellant, therefore, has not exhausted his State remedies as to the five contentions not previously advanced in a State Court proceeding. Nor has he alleged any facts which would bring him within any of the statutory exceptions to this requirement, 28 U.S.C.A. § 2254.

The three grounds stated in appellant's petition which have been previously presented to the State Court are: (1) that appellant was denied the right to trial by jury and that he did not waive such right; (2) that appellant was denied the right to a speedy trial; and (3) that the trial Court erred in admitting evidence of similar offenses allegedly committed by the petitioner and not charged in the information.

■ At the outset, we must emphasize the fundamental restrictions on this federal court in reviewing habeas corpus petitions of state prisoners. This court will review a state court decision only if a federal question was presented to the highest court of a state having jurisdiction and it clearly appears that its decision was based on that federal question. Williams v. Kaiser, 1945, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398; Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Irvin v. Dowd, 1959, 359 U.S. 394, 79 S.Ct. 825, 3 L.Ed.2d 900.

The California Supreme Court, in denying appellant's petition, did not write an opinion. With this, and the above mentioned consideration in mind, we now deal with appellant's contentions.

■ The record showed that the appellant was brought to trial within 60 days after the filing of the information. This was within the time provided by West's Ann.California Penal Code, § 1382. Thus, he was not denied the right to a speedy trial under California law. Certainly, appellant in his second point has not shown such an unreasonable "delay" as to contravene his federal constitutional rights. Sawyer's Petition, 7 Cir., 1956, 229 F.2d 805.

■ The third contention of appellant, as set out above, presents no federal question. Lisenba v. People of State of California, 1941, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166. See also, Hoag v. State of New Jersey, 1958, 356 U.S. 464, 78 S.Ct. 829, 2 L.Ed.2d 913, and Ciucci v. State of Illinois, 1958, 356 U.S. 571, 78 S.Ct. 839, 2 L.Ed.2d 983.

We deal now with appellant's first contention as set forth above.

In 1957, as referred to above, appellant filed a petition for a writ of habeas corpus in the Supreme Court of the State of California. This was denied by that Court without an opinion. Thereafter, appellant sought certiorari from the

United States Supreme Court, which petition was also denied.

As indicated above, in appellant's petition to the Supreme Court of the State of California, he contended that he had not waived his right to a trial by jury. His detailed claims in this regard are set forth in the margin.[1]

The California Constitution, Article I, Section 7, West's Ann., provides:

"A trial by jury may be waived in all criminal cases, by the consent of both parties, expressed in open court by the defendant and his counsel * * *."

California courts applying this constitutional provision leave little doubt as to its meaning. Thus, in People v. Pechar, 1955, 130 Cal.App.2d 616, 279 P.2d 570, the Court there said:

"This has been construed repeatedly to require an express as distinguished from an implied consent to the waiver by the defendant personally, as well as by his counsel."

Citing People v. Garcia, 1929, 98 Cal. App. 702, 277 P. 747; People v. Wilkerson, 1929, 99 Cal.App. 123, 278 P. 466; People v. Washington, 1949, 95 Cal.App. 2d 454, 213 P.2d 70, the Court continued:

"The right to trial by jury in a criminal case is a sacred one and accordingly the method of waiver provided in the constitution must be strictly followed. For this reason 'it is necessary that the defendant personally express in open court that

he consents to a waiver of a trial by jury.'"

In the case of In re Adams, 1958, 160 Cal.App.2d 454, 325 P.2d 107, 108, the California court, in considering this question said:

"At the trial on November 8, 1957, the public defender, not the petitioner, entered a plea of not guilty, waived a jury trial and submitted the case on the police report.

\* \* \* \* \* \*

"The record here does not show a waiver of jury trial in the manner required by Article I, Section 7, of our state Constitution."

The Court there set aside the defendant's conviction.

In People v. Barnum, 1957, 147 Cal. App.2d 803, 305 P.2d 986, 989, the Court stated the facts as follows:

"The remaining contention of the defendants concerns the effect of the proceedings at the time the jury was dismissed and the case proceeded to trial before the court. The attorney for defendants advised the court that they waived a trial by jury. The district attorney joined in this waiver. Thereupon, the court ordered a roll call of the prospective jurors present and advised them that they were excused, as the defendants had waived a trial by jury. The defendants were present during all of this time; they made no statement; were not asked personally

---

1. "The defendant stated that his attorney told him that he could not have a jury trial unless the attorney was paid more money to represent him with a jury.

"The defendant claims that he told his Attorney that he, the Attorney, already had all of his money and that he could not pay him any more, but that he, the defendant still wanted a jury trial as he was not guilty.

"The defendant claims that his attorney then told him that there was not going to be a jury trial unless there was more money and that they would go to Court and waive the jury trial. The defendant then claims that he told his attorney that he was not going to waive

his right to a jury trial and that he, the defendant was going to tell the judge on him.

"The defendant then claims that his attorney then said that he would go before the Court without the defendant and waive his right to a jury trial.

"Now the defendant claims that he did not appear in department two for the waiving of his rights to a jury trial at anytime, and that if his counsel waived his rights to a jury trial, he the defendant was not present, and his rights to a jury trial was (sic) not waived with his consent, if they were waived at all."

Quoted from appellant's petition before the California Supreme Court.

whether they joined in the waiver; and at no time made any objection to proceeding to trial before the court without a jury."

The Court there, after citing a long line of cases, stated as follows:

"In the case at bar, the attorney general, on behalf of respondent, urges the same contention which he urged in the cited case, i. e., that consent may be 'expressed' by conduct as well as by words, and asks this court to reappraise the rule. In the light of the consistent adherence to this rule, over a period of 27 years, by the appellate courts of this state, and the refusal of the Supreme Court to grant a hearing in any case applying it, we do not feel that such a reappraisal is within our province.

"The judgment * * * is reversed."

When the instant case was in the District Court there is contained in the petition for the writ the unqualified statement of the petitioner that he had not waived a jury trial.

On May 12, 1952, the reporter's transcript shows the following proceedings before Judge Gardner in the California Superior Court:

"Honorable Robert Gardner, presiding.

"The Court: People v. Hughes. Mr. Caruthers.

"Mr. Caruthers: Ready, Your Honor.

"Mr. Steiner: Ready, Your Honor.

"The Court: This is put down for a jury trial. Has the jury been waived in Department Two?

"Mr. Caruthers: Yes, sir, we waived jury.

"The Court: Does anyone have an opening statement, or do you want to just start calling witnesses?

"Mr. Caruthers: I don't have any.

"Mr. Steiner: I don't believe any opening statement is in order, Your Honor.

"The Court: Call your first witness.

(At this time trial was had, the Court finding the defendant guilty of the crime of burglary as set forth in the information.)"

In the clerk's transcript of the proceedings on May 12, before Judge Gardner in Department Four, the following appears:

"People v. Hughes. Defendant in court represented by L. King Caruthers. The People were represented by the District Attorney. Lecil Slaback, Official Reporter The defendant waived trial by jury. Florence Blehyl was sworn and testified. * * *"

Suffice it to say, that despite the above-quoted excerpt from the clerk's transcript in Department Four, there is no affirmative proof in the record that appellant did in fact personally waive his jury trial in Department Two—the record is silent on this point. Thus, the record before the District Court did not clearly contradict the appellant's contention that he did not personally waive his right to a jury trial—a right guaranteed him by the California Constitution.

Assuming, arguendo, that it cannot be established that appellant expressly waived his right to a jury trial, we now reach the question of whether this is sufficient ground to grant appellant's petition for habeas corpus

▆▆▆▆ For the reasons that will appear below, we hold this is not a sufficient ground.

Appellant concedes that the Fourteenth Amendment due process clause does not guarantee the right to a jury trial in state criminal proceedings. Maxwell v. Dow, 1900, 176 U.S. 581, 20 S.Ct. 494, 44 L.Ed. 597; Jordan v. Commonwealth of Mass., 1912, 225 U.S. 167, 32 S.Ct. 651, 56 L.Ed. 1038; Fay v. People of State of New York, 1947, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043. Thus,

it has been said that a state may partially or completely do away with the jury system without violating the Fourteenth Amendment. Jordan v. Commonwealth of Mass., supra.

Appellant, however, contends that the due process and equal protection clauses of the Fourteenth Amendment do require the courts of each state to consistently apply the fundamentals of their respective states' criminal procedure. In appellant's own words—" * * * though the Fourteenth Amendment generally permits the states to determine the ground rules for their respective criminal procedures it requires the state courts to uniformly and non-discriminately apply such ground rules." [Quoted from page 12 of appellant's brief.]

Appellant thus argues that where the state court does not uniformly apply the state's jury laws, discrimination results, and therefore a violation of the Fourteenth Amendment. Appellant here relies on Fay v. People of State of New York, supra.

In answering appellant's contention, we will treat the due process and equal protection clauses separately.

The due process clause of the Fourteenth Amendment is violated when the state's criminal procedure results in the accused's having an "unfair trial". Thus, in Fay v. People of State of New York, supra, the Court said:

"The function of this federal Court under the Fourteenth Amendment in reference to state juries is not to prescribe procedures but is essentially to protect the integrity of the trial process by whatever method the state sees fit to employ. No device, whether conventional or newly devised, can be set up by which the judicial process is reduced to a sham and courts are organized to convict. They must be organized to hear, try and determine on the evidence and the law. But beyond requiring conformity to standards of fundamental fairness that have won legal recognition, this Court always has been careful not so to in-

terpret this Amendment as to impose uniform procedures upon the several states whose legal systems stem from diverse sources of law and reflect different historical influences." [332 U.S. 261, 67 S.Ct. 1630].

Though the states are not required to grant jury trials by the due process clause, if they do grant such trials they must not be shams, that is, they must give the accused a "fair trial". The distinction is an important one. It is, therefore, perhaps worth emphasizing that the due process clause of the Fourteenth Amendment is applied to safeguard to the individual as against the state those rights which "have been found to be implicit in the concept of ordered liberty." Palko v. State of Conn., 1937, 302 U.S. 319, 58 S.Ct. 149, 152, 82 L.Ed. 288. The Sixth Amendment requirement of a *jury trial* in criminal cases has not been incorporated by the due process clause of the Fourteenth Amendment, that is, it has not been found to be "implicit in the concept of ordered liberty;" however, the requirement of a *fair trial is* within the scope of the due process clause—that is, it has "been found to be implicit in the concept of ordered liberty."

It is apparent, then, that the absence of affirmative proof that appellant waived his jury trial shows, at most, that appellant was denied something which the United States Supreme Court has stated "may be modified by a state or abolished altogether." Palko v. State of Conn., supra; Hurtado v. People of State of California, 1884, 110 U.S. 516, 4 S.Ct. 111, 292, 28 L.Ed. 232; Brown v. State of Mississippi, 1936, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682.

 Appellant may have shown a variance with the state law regarding the method of waiving a jury trial. However, this variance, without more, is not a federal question. Gryger v. Burke, 1948, 334 U.S. 728, at page 731, 68 S.Ct. 1256, at page 1258, 92 L.Ed. 1683, "We cannot treat a mere error of state law, if one occurred, as a denial of due proc-

ess; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question." Rupp v. Teets, 9 Cir., 1956, 235 F.2d 674, 676; Baxter v. Rhay, 9 Cir., 1959, 268 F.2d 40. "Subject to the requirement of due process of law, the states are under no restriction as to their method of procedure in the administration of criminal justice." Jordan v. Commonwealth of Mass., supra, 225 U.S. at page 174, 32 S.Ct. at page 651.

■ The equal protection clause of the Fourteenth Amendment is not violated unless there is shown the element of intentional or purposeful discrimination.

Thus, the Supreme Court said in Snowden v. Hughes, 1944, 321 U.S. 1, at page 8, 64 S.Ct. 397, at page 401, 88 L.Ed. 497:

> "The unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination. This may appear on the face of the action taken with respect to a particular class or person, cf. McFarland v. American Sugar Refining Co., 241 U.S. 79, 86–87, 36 S. Ct. 498, 501, 60 L.Ed. 899, or it may only be shown by extrinsic evidence showing a discriminatory design to favor one individual or class over another not to be inferred from the action itself, Yick Wo v. Hopkins, 118 U.S. 356, 373–374, 6 S.Ct. 1064, 1072, 1073, 30 L.Ed. 220. But a discriminatory purpose is not presumed, Tarrance v. State of Florida, 188 U.S. 519, 520, 23 S.Ct. 402, 403, 47 L.Ed. 572; there must be a showing of 'clear and intentional discrimination,' Gundling v. City of Chicago, 177 U.S. 183, 186, 20 S.Ct. 633, 635, 44 L.Ed. 725; see Ah Sin v. Wittman, 198 U.S. 500, 507–508, 25 S.Ct. 756, 758, 759, 49 L.Ed. 1142; Bailey v. State of Alabama, 219 U.S. 219, 231, 31 S.Ct. 145, 147, 55 L.Ed. 191. Thus the denial of equal protection by the exclusion of negroes from a jury may be shown by extrinsic evidence of a purposeful discriminatory administration of a statute fair on its face. Neal v. Delaware, 103 U.S. 370, 394, 397, 26 L.Ed. 567; Norris v. State of Alabama, 294 U.S. 587, 589, 55 S.Ct. 579, 580, 79 L.Ed. 1074; Pierre v. State of Louisiana, 306 U.S. 354, 357, 59 S.Ct. 536, 538, 83 L.Ed. 757; Smith v. State of Texas, 311 U.S. 128, 130–131, 61 S.Ct. 164, 165, 85 L.Ed. 84; Hill v. State of Texas, 316 U.S. 400, 404, 62 S.Ct. 1159, 1161, 86 L.Ed. 1559. But a mere showing that negroes were not included in a particular jury is not enough; there must be a showing of actual discrimination because of race. Commonwealth of Virginia v. Rives, 100 U.S. 313, 322–323, 25 L.Ed. 667; Martin v. State of Texas, 200 U.S. 316, 320–321, 26 S.Ct. 338, 339, 50 L.Ed. 497; Thomas v. State of Texas, 212 U.S. 278, 282, 29 S.Ct. 393, 394, 53 L.Ed. 512; cf. Williams v. State of Mississippi, 170 U.S. 213, 225, 18 S.Ct. 583, 588, 42 L.Ed. 1012."

In Fay v. People of State of New York, supra, the Supreme Court said at page 285 of 332 U.S., at page 1626 of 67 S.Ct.:

> " * * * when discrimination of an unconstitutional kind is alleged, the burden of proving it purposeful and intentional is on the defendant."

Unequal protection of the laws is, we take it, alleged in the instant case in that the California Supreme Court has not uniformly applied its requirements of an express personal waiver of a jury trial. Specifically, appellant alleges that there is no showing that he waived his jury trial and thus under the well-established California law he should be granted his writ of habeas corpus.

*If* the facts of the instant case indicate a variance with those California cases cited earlier in this opinion, this is

a matter of State law. See Gryger v. Burke, supra; Rupp v. Teets, supra, and Baxter v. Rhay, supra. Appellant has not borne his burden of proving this "discrimination" purposeful and intentional. Indeed, appellant does not even claim that there was any purposeful or intentional discrimination against him. We will not presume a discriminatory purpose. See Fay v. People of State of New York, supra.

We hold there has been no violation of the equal protection clause of the Fourteenth Amendment.

Further, we note that appellant has not appealed from his original judgment of conviction. In Ex parte Seeley, 1946, 29 Cal.2d 294, 176 P.2d 24, 26, the California Supreme Court said:

"In the determination of a proceeding in habeas corpus in this state the court is ordinarily concerned with an inquiry into the jurisdiction of the court in which the prisoner was convicted. It is the general rule that the writ may not be used to correct error nor be employed where there is a remedy by appeal or other direct attack. But in *exceptional* cases it may be issued even though other remedies might have been available." (Emphasis supplied.)

See also In re Lindley, 1947, 29 Cal.2d 709, 177 P.2d 918, and In re Manchester, 1949, 33 Cal.2d 740, 204 P.2d 881.

Might not the California court have held this case not to be "exceptional"?

We also note that appellant's petition for habeas corpus was denied by the California Supreme Court on September 18, 1957. It was not until almost nine months later that a California court of record first granted a petition for habeas corpus on the ground that petitioner had not expressly waived his right to a jury trial. The case referred to is In re Adams, 1958, 160 Cal.App.2d 454, 325 P.2d 107 (rehearing denied June 13, 1958; hearing denied July 11, 1958). Therefore it is entirely possible that at the time of appellant's petition to the California Supreme Court, that court did not believe that habeas corpus was a proper remedy for granting relief where denial of a jury trial was alleged, and could have been raised on appeal. This would, of course, have been an independent state ground and would make this matter not reviewable in a federal court.

Regardless of what was the basis of the California Supreme Court's denial of appellant's petition; whether because of a state procedural rule or because of a belief that appellant did waive his jury trial, no federal constitutional question has been raised thereby and the District Court properly dismissed the petition and its order is hereby affirmed.