[Crim. No. 933.   Department Two.—February 3, 1903.]

## THE PEOPLE, Respondent, v. DAISY JACKSON, Appellant.

CRIMINAL LAW—APPEAL—ORDER DENYING ARREST OF JUDGMENT.—An order denying a motion in arrest of judgment in a criminal case is not appealable, and an appeal therefrom must be disregarded.

ID.—PRESUMPTION UPON APPEAL—COMMITMENT BY MAGISTRATE—ABSENCE OF BILL OF EXCEPTIONS.—Upon appeal from a conviction of felony, under an information, in the absence of a bill of exceptions, it must be presumed that the defendant was legally committed by a magistrate, and that the court properly denied a motion to set the information aside.

ID.—EMBEZZLEMENT—REQUESTED INSTRUCTIONS AS TO LARCENY.—Upon the trial of an information for embezzlement, where the evidence, without conflict, showed that the crime committed was embezzlement, and nothing else, requested instructions as to the crime of larceny were properly refused.

ID.—FRAUDULENT CONVERSION OF INTRUSTED PROPERTY—INTENTION TO RESTORE—INSTRUCTION AS TO TEMPORARY DEPRIVATION.—One who has fraudulently converted intrusted property or the proceeds thereof to his own use is guilty of embezzlement, notwithstanding his intention to restore the embezzled property. In an instruction that "the property must have been appropriated and converted to the use of the party to whom it has been intrusted, with the intent either temporarily or permanently of depriving the owner of such property," the use of the word "temporarily" is not objectionable.

ID.—PRESUMPTION OF FRAUDULENT INTENT—OBJECTIONABLE INSTRUCTION—HARMLESS ERROR.—An instruction that "a fraudulent and

felonious intent is presumed from the deliberate commission of an unlawful act for the purpose of injuring another,'' is objectionable for its comprehensive statement; but where, construed, as it should be, with the other instructions given, the jury must have applied it to the acts only which went to make up the crime charged, it could do the defendant no harm.

ID.—EVIDENCE—DECLARATIONS OF DEFENDANT—ABSENCE OF THREAT OR INDUCEMENT.—In order to lay a foundation for the admission of the declarations of the defendant, it was proper to ask the prosecuting witness whether prior to the statement he made any threats or promise of reward, or advised or offered any inducements, in regard to the defendant's statement. Such questions called for facts, and not for the conclusions of the witness; and when such questions were answered in the negative, the testimony was a clear statement of the absence of any threat or inducement.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. N. H. Conklin, Judge.

The facts are stated in the opinion.

Dadmun & Escobar, for Appellant.

U. S. Webb, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

GRAY, C.—This is an appeal by defendant from a judgment convicting her of the crime of embezzlement and from an order denying her motion for a new trial.

There is also an attempted appeal from an order denying defendant's motion in arrest of judgment; but as there is no authority of law for the same, it may be disregarded. (*People* v. *Sansome,* 98 Cal. 235.)

1. The first point made by appellant is, that the information should have been set aside on her motion made in the trial court, because defendant had not been legally examined and committed by a magistrate.

There is no bill of exceptions or other record before us upon which to predicate this point, and, in the absence of any showing in the matter, we must presume, in support of the judgment, that the defendant was legally committed. A bill of exceptions was proposed in the court below involving this question, but the court refused to settle it. An appeal was

taken from the order of refusal, and said appeal was recently
dismissed by this court. (See *People* v. *Jackson,* 70 Pac. 918,
No. 942.)

2. The instructions asked by defendant, and based on the
theory that there was some evidence upon which ,the con-
clusion might be reached that defendant's crime was larceny,
and not embezzlement, were properly refused, because the
evidence, without conflict, showed the crime to be embezzle-
ment and nothing else. It was shown that defendant hired the
horse and buggy which she subsequently embezzled from a
livery-stable in San Diego, which she had similarly patronized
before; that she said she wanted to drive to Sunnyside, about
twelve miles from San Diego, and would be back the evening
of that same day. She did not drive to Sunnyside, however,
but drove to several places in San Diego, and a few hours
after leaving the stable with the horse and buggy was joined
by a young colored man, shipped her trunk by rail to Los
Angeles, and, with the young man, set out for the last-named
place in the buggy, where she and the young man arrived the
evening of the following day, having thus traveled a distance
of one hundred and thirty-three miles. The defendant was
a witness in her own behalf, and testified that she intended to.
go to Sunnyside when she hired the horse and buggy, and
intended to return the same day, but that the girl who was
going with her disappointed her, and that she then went to
Los Angeles in company with the young colored man. On
this evidence there was no room for instructions as to larceny,
because the evidence showed affirmatively that the conveyance
was obtained without any criminal purpose or intention of
converting it to her own use, and that the latter intention
must have been formed some time after she was intrusted
with the property. (See *People* v. *Salorse,* 62 Cal. 139.)

3. The jury was instructed that "the property must have
been appropriated and converted to the use of the party to
whom it had been intrusted, with the intent, either tem-
porarily or permanently, of depriving the owner of such
property." The word "temporarily" in this instruction is
complained of. We see no just ground of complaint. Section
512 of the Penal Code provides: "The fact that the accused
intended to restore the property embezzled, is no ground of
defense or of mitigation of punishment, if it has not been

restored before an information has been laid before a magistrate, charging the commission of the offense.'' Section 507 of the Penal Code, defining embezzlement, does not require an ''intent to steal'' to constitute the crime, but makes him guilty ''who fraudulently converts the same or the proceeds thereof to his own use.'' The language of the code seems clearly to imply that the fraudulent purpose to convert to one's own use may be coupled with an intention thereafter to restore the property to the true owner, and still the party be guilty of the crime of embezzlement as defined in the statute. The qualification in the instruction complained of is therefore in accord with the law of this state on the subject of embezzlement, and is free from error. The case of *Ex parte Hedley*, 31 Cal. 109, cited by appellant, dealt with a statute differing from the present code, in that it made the ''purpose to steal'' an element of the crime of embezzlement. At the same time the case is authority for the proposition that ''embezzlement is what the statute has made it to be.'' The instruction, standing alone, might be objectionable for reasons other than those urged by appellant, but it is to be read with the other instructions more fully defining the crime, and thus read we see no error in it.

4. We think appellant's objection to that part of the instructions which reads as follows, ''A fraudulent and felonious intent is presumed from the deliberate commission of an unlawful act for the purpose of injuring another,'' is not altogether without foundation. It does not necessarily follow that a party intends fraud because he deliberately commits an unlawful act for the purpose of injuring another. The ''unlawful act'' may be an act of personal violence intended simply to injure the person, or it may be intended only to injure the character and in no way directed at the property or property rights of the person. In any of these instances it would be very difficult to deduce a fraudulent purpose from the act. But in this case there were no acts of defendant before the jury from which to infer any criminal intent, except the acts which went to make up the very crime with which she was charged, and which were pertinent to establish that crime. The jury of necessity, therefore, must have applied the instruction to those facts alone; and thus applied it could do the defendant no harm.

Again, the portion of the instruction objected to should be read and construed with all the instructions given; and reading it thus it is still more clearly made to appear that the defendant suffered no injury by it.

5. There is nothing in the contention that the offense of embezzlement was not made out by the evidence.

6. The prosecution, in laying a foundation for the introduction of declarations of defendant in evidence, and to show that the declarations were free and voluntary, asked a witness the following preliminary questions: ''Did you make any threat before she made any statement—that is, any threat towards her in regard to making a statement?''—''You may state, Mr. Marks, whether there was any promise of reward or any threat made by you at that time before the defendant made any statement touching the matter.''—''State whether or not you advised her it would be better for her to make any statement touching the matter before she made any statement.''—''State whether or not you offered her any inducement whatever to make any statement that she did make at the time.'' These questions were all answered in the negative. Appellant contends now that these questions called only for the opinions and conclusion of the witness, and that his objections thereto should have been sustained on that ground. We see no force in the objection. The questions called for facts within the actual knowledge of the witness. In one sense the answers of the witness were mere conclusions, it is true; but they were the immediate conclusions of an eye-and-ear witness, drawn from what he heard and saw. The testimony was of a negative character, in which the witness testified not to the existence of a fact exactly, but to the absence of a fact rather, and for him to say that he did not make ''any threat,'' did not offer ''any inducement,'' was as clear-cut and plain a statement of the absence of any threat or inducement as could well be conceived. In no just sense can such testimony be classed as mere opinion evidence. The witness could not state what was ''actually said'' on that subject, because nothing at all was said about the matter. The counsel for defendant had ample opportunity to, and did in fact, cross-examine the witness; but no attempt was made in that way or in any other manner to show that the so-called conclusions of the witness were not correct.

We see no prejudicial error in the record, and advise that the judgment and order denying a new trial be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

McFarland, J., Lorigan, J., Henshaw, J.