[Crim. No. 1172. Third Appellate District.—August 25, 1931.]

In the Matter of the Application of CARL FREDERICK HEINZE for a Writ of Habeas Corpus.

D. P. Eicke for Petitioner.

Guard C. Darrah, District Attorney, for Respondent.

THOMPSON (R. L.), J.—This is a petition for a writ of *habeas corpus*.

It is contended the order of a magistrate holding the petitioner for trial in the superior court upon a charge of attempting to extort money contrary to the provisions of section 524 of the Penal Code is void for failure to have established at the preliminary examination the *corpus delicti*. It is asserted the record fails to show probable cause to believe the petitioner is guilty of the offense charged.

The petitioner is held by the sheriff of San Joaquin County pursuant to a commitment duly issued by a justice of the peace of Stockton township, based upon an order previously made by him holding the petitioner for trial in the superior court upon the charge of attempting to extort money contrary to the provisions of section 524 of the Penal Code. Upon proceedings duly had in the justice's court, an order of the above-named magistrate was made July 8, 1931, binding the petitioner over for trial for the offense last mentioned. The petitioner was thereupon held

a prisoner upon said charge pending the trial thereof. On July 17, 1931, upon a previous petition for a writ of *habeas corpus,* the Superior Court of San Joaquin County discharged the prisoner. On the last-mentioned date a new complaint was filed against the petitioner in said justice's court charging him with the same offense in substantially the same language in which the first complaint was couched. The petitioner was again taken into custody by the sheriff. On July 20, 1931, another preliminary examination was held. Additional testimony was then adduced. This petition for a writ of *habeas corpus* alleges that the magistrate, on the last-mentioned date, "without reasonable or probable cause, or without the *corpus delicti* having been established, made an order holding said petitioner to answer to the superior court". August 3, 1931, an information was filed in the Superior Court of San Joaquin County charging the petitioner with the crime of attempting to extort money contrary to the provisions of section 524 of the Penal Code. Upon the last-mentioned date the petitioner was duly arraigned in open court and pleaded "not guilty" of the offense with which he was charged. The cause was then set for trial for September 1, 1931. No motion was made pursuant to section 995 of the Penal Code, to set aside the information on the ground that "before the filing thereof the defendant had not been legally committed by a magistrate". This petition for a writ of *habeas corpus* was thereupon presented to this court.

The information having been filed, and the petitioner, without objection, having been arraigned thereon and having pleaded not guilty thereto, and failing to have moved to set aside the information under the provisions of section 995 of the Penal Code, waived his right to object to the irregularity of the proceedings or insufficiency of the evidence before the magistrate. (*Ex parte Moan,* 65 Cal. 216 [3 Pac. 644, 646]; *In re Northcott,* 71 Cal. App. 281 [235 Pac. 458]; *People* v. *Bawden,* 90 Cal. 195 [27 Pac. 204, 206].) Upon the hearing of the petition for a writ of *habeas corpus* in the Moan case first above cited, the court said, "When the defendant in this case was arraigned and pleaded not guilty, and did not move to set aside the information, he was thereby precluded from taking the objection that he had not been examined and committed in the

manner required by law.'' In the Bawden case last cited, the court said, ''A defendant, upon arraignment, may move to set aside the information, upon the ground that 'before the filing thereof the defendant had not been legally committed by a magistrate', and if the motion be not then made, the defendant is precluded from afterwards taking the objection.''

It is asserted that since the petitioner in the present proceeding was previously discharged upon a writ of *habeas corpus,* he could not be again legally imprisoned for the same cause. Section 1496 of the Penal Code does provide that ''No person who has been discharged by the order of the court or judge upon *habeas corpus* can be again imprisoned, restrained, or kept in custody for the same cause, except in the following cases:

''1. . . .

''2. If, after a discharge for defect of proof, or for any defect of the process, warrant, or commitment in a criminal case, the prisoner is again arrested on sufficient proof and committed by legal process for the same offense.''

Assuming that the superior court properly discharged the petitioner in the former application for a writ of *habeas corpus* ''for defect of proof'' at the original preliminary examination, clearly this section authorizes the arrest and re-examination of the accused for the same offense. If the petitioner was held for trial in the superior court in the present case upon insufficient evidence, that defect could be taken advantage of only upon motion to set aside the information pursuant to the provisions of section 995 of the Penal Code. It is unnecessary to pass upon the sufficiency of the evidence since that want of evidence, if any such defect exists, was waived by failure to move to set aside the information prior to the entry of the petitioner's plea.

The petition for a writ of *habeas corpus* is denied.

Preston, P. J., concurred.