[Crim. No. 1061. Fourth Dist. Aug. 21, 1956.]

THE PEOPLE, Respondent, v. JAMES HERBERT LANE,
Appellant.

James Herbert Lane, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant was found guilty by a jury of the crime of issuing a check without sufficient funds (Pen. Code, § 476a.) He was sentenced to imprisonment in the state prison and appeals from the judgment of conviction and "from an order denying defendant's motion for a new trial." The record does not show that such a motion was made and, therefore, the purported appeal from the order denying his "motion for a new trial" is dismissed.

On or about May 8, 1955, Hubert Watkins, a salesman and assistant manager in charge of the used car department for Marvin K. Brown, Cadillac and Oldsmobile, in San Diego, sold a 1954 Cadillac convertible to the defendant. In this transaction Watkins took a 1951 Chevrolet panel truck in trade as a partial down payment on the Cadillac and the defendant gave him a check made out to Marvin K. Brown, a corporation, in the sum of $1,026. The balance of the purchase price of the Cadillac was provided for in a General Motors contract. The check was drawn on the Security Trust and Savings Bank of San Diego. It was signed by the defendant in the presence of Watkins and was dated "May 9."

Watkins testified that there was no discussion with the defendant about postdating the check, or otherwise, except

that he heard the defendant call someone on the 'phone and ask if there was enough money to cover the check. Defendant told Watkins that he was calling his partner. However, defendant's partner denied that he had had such a conversation with the defendant. Watkins testified further that the defendant then signed the check, the transaction was completed, and the automobile delivered to the defendant. The check was deposited in the bank on May 11, 1955. The defendant did not have sufficient funds in or credit with said bank to cover the check and it was never paid.

The defendant took the stand to testify in his own behalf and admitted that he knew he did not have funds in the bank to cover the check. He stated that he so informed Watkins and that he told Watkins he ''would put the funds in the bank to cover the check before it reached the bank.'' Watkins denied that these statements were made to him and testified that the defendant did not ask him to hold the check and did not tell him that he, the defendant, did not have sufficient funds in the bank to cover the check.

The evidence is sufficient to sustain the findings of the jury. In *People* v. *Wellington*, 85 Cal.App.2d 310, 313 [193 P.2d 30], the essential elements of the offense denounced by section 476a of the Penal Code are stated as follows: (1) the intent to defraud, (2) the . . . drawing . . . , (3) of a check . . . , (4) upon a bank . . . , (5) a lack of sufficient funds or credit with the drawee at the time the check . . . is made . . . , and (6) knowledge on the part of the accused of such lack of funds or credit. ▮ An intent to defraud the person to whom the check was delivered is an essential element of the offense of issuing a check without sufficient funds. ▮ However, it must be and is the subject of evidence in the same manner and to the same extent, depending upon the same general rules of procedure, as is any other necessary fact in the case, and is a question of fact for the jury or court to determine. ▮ The proof of such intent may be substantial evidence if the circumstances are such as to reasonably justify an inference of the intent. (*People* v. *Oster*, 129 Cal.App.2d 688, 692 [278 P.2d 39].)

▮ From the evidence adduced at the trial in the instant action the jury was justified in drawing the inference that the defendant intended to defraud the Marvin K. Brown Company and its agent, Watkins, when he drew his check and gave it to Watkins with knowledge that he, the defendant, did not have sufficient funds in or credit with the bank for the

payment of the check upon its presentation. (*People* v. *Brown*, 72 Cal.App.2d 717, 720 [165 P.2d 707].)

Defendant, in propria persona, first contends that he is entitled to a reversal of the judgment "because he had no preliminary hearing on the charge for which he was sent to prison." ■ The record does not bear out this contention and in the absence of proof to the contrary, it must be presumed on appeal that the proceedings in the court below were proper and in accordance with the law and that the court was acting in the lawful exercise of its jurisdiction. ■ Furthermore, there is no indication in the record that the defendant moved to set aside the information as provided in section 996 of the Penal Code. In *People* v. *Greene*, 80 Cal.App.2d 745, 749 [182 P.2d 576], it was held:

"Section 995 of the Penal Code provides that the information must be set aside, *upon defendant's motion*, when it appears that before the filing thereof defendant had not been legally committed by a magistrate. Section 996 of the Penal Code provides that if the *motion* to set it aside is not made, the defendant is precluded from afterwards taking the objections mentioned. Since counsel for defendant failed to make such a *motion*, and failed to address himself to the discretion of the court in this respect, he is now foreclosed from raising the objection suggested. (See, also, *People* v. *Harris*, 219 Cal. 727 [28 P.2d 906], and cases there cited.)" (See also *People* v. *Workman*, 121 Cal.App.2d 533, 535 [263 P.2d 458].)

Defendant next argues that the check involved was postdated and therefore a promissory note. The record shows that the check was dated "May 9" and that it was signed and delivered to Watkins on the preceding day. There is a conflict in the evidence as to whether Watkins or the defendant wrote in the date. ■ The evidence is that the defendant wilfully, with intent to defraud, made, drew and delivered his check on the Security Trust and Savings Bank for the payment of $1,206, knowing at the time he did not have funds in or credit with said bank to meet the check upon its presentation, and the offense of issuing a check without sufficient funds was proved notwithstanding the fact that the check was dated May 9, when in fact it was signed on May 8. Under such circumstances, the date of the check was no element or ingredient of the offense. (*People* v. *Bercovitz*, 163 Cal. 636, 638 [126 P. 479, 43 L.R.A.N.S. 667] ; *People* v. *Weaver*, 96 Cal.App. 1, 8 [274 P. 361].)

Defendant asserts that the "judge was bias and prejudice; that he was prejudged and tried by a partial jury." This contention is likewise without merit. It is based upon the assumption that the court abused its discretion in interrogating witnesses at the trial. We have examined the transcript of the testimony in this connection and are unable to find any basis upon which to conclude that the trial court abused its discretion. Moreover, it does not appear that objection was made to the questions asked by the trial judge or the answers given, and the defendant may not now claim for the first time that the questions or answers were objectionable.

The judgment is affirmed.

Barnard, P. J., and Burch, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.