Irmgard SANTOS, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 15371.

United States Court of Appeals Ninth Circuit.

June 28, 1957.

Robert Ash, Carl F. Bauersfeld, Washington, D. C., for petitioner.

Charles K. Rice, Asst. Atty. Gen., Helen A. Buckley, Ellis N. Slack, Robert N. Anderson, James P. Turner, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before DENMAN, Chief Judge, and POPE and FEE, Circuit Judges.

DENMAN, Chief Judge.

Irmgard Santos petitions us to review a decision of the Tax Court upholding an assessment by the Commissioner of a deficiency against her of $68,287.90, under Section 311 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 311, for income taxes owed by her husband, Lawrence Santos, for the years 1943–6.

Under Section 311 a transferee of property of a taxpayer may be liable for the taxes of the transferor if the Commissioner sustains his burden of showing:[1]

"The receipt of property by the Transferee, lack of consideration for the transfer, and the insolvency of the transferor at the time or immediately after the transfer."

The transactions between the husband and wife for the years in question were governed by the Hawaiian Community Property Law, in force from June 1, 1945, to June 30, 1949, when it was repealed. The facts in this case are for the most part stipulated. So far as pertinent, the essential facts appear to be as follows:

Early in the nineteen forties petitioner's husband began to acquire a large shoe business in Honolulu, where he and petitioner resided. It is undisputed that during the existence of the Community Property Law petitioner's share of the community income was $154,976.51. After federal income taxes, petitioner's community income was $84,686.00. The parties further agreed, and the Tax Court found, that during all times material herein petitioner's husband was insolvent.

Petitioner's husband between April 15, 1948 and September 18, 1950, purchased cashier's checks made out to himself and petitioner in the amount of $82,272.67 which he gave to petitioner. In November 1950 he took these checks and bought $80,000 worth of government bonds which he gave to petitioner. Thereafter one of these, worth $10,000 was cashed and the proceeds used to pay *their* territorial income tax. Subsequently petitioner sold the remaining bonds to pay her income tax liability to the United States for the year 1947 in the amount of $68,287.90.[2] It is this sum which the Commissioner claims here was in effect received by petitioner as a gratuitous transfer from her husband.

There is no question concerning either petitioner's receipt of this money or concerning the insolvency of her husband at the time of its receipt. Hence the question presented is whether the Commissioner maintained his burden of proof that this money was not her community property and was received by her without consideration.

■■ Not only did the Commissioner have this burden of proof but he had to overcome a presumption provided in Section 5 of Chapter 301A of the Revised Laws of Hawaii that:

"There shall be a rebuttable presumption that all property, both real and personal, acquired by the

---

1. In the words of the Tax Court.

2. In another proceeding it has been determined that petitioner overpaid her taxes for these years by $63,003.69. It does not appear whether this has been refunded.

husband or by the wife after marriage or on or after the effective date of this chapter, whichever is the later, is community property."

■ While Santos was insolvent during the period in which he made his transfer to his wife, he had in his possession large sums of money acquired after the enactment of the community law and hence under the above Section 5 all of it presumptively was community property and *a fortiori* what he gave his wife had that character.

■ The Commissioner made no showing in fact of the character of the money given the wife. Ignoring the presumption of Section 5, supra, he relied on an entirely different presumption of the Community Property Law of the State of California that community debts are paid out of community funds even though a separate provision requires the husband to support the wife, as held by the California courts in Van Camp v. Van Camp, 53 Cal.App. 17, 199 P. 885, and in In re Cudworth's Estate, 133 Cal. 462, 65 P. 1041. He sought to support his importation of the California law into Hawaii by proving that petitioner and her husband lived in extremely luxurious circumstances, their house containing $50,000 worth of furniture and they operating three late model cars, and hence that the community property was exhausted. Nothing in the Hawaiian legislation or its courts' decisions recognize this California presumption, nor does the California law have any provision like that of Section 5 of the Hawaiian law.

■ Coupled with Section 5 of the Hawaiian law is Section 13(h)[3] stating the obligation of a husband to support his wife and family and to discharge all debts contracted by the wife for necessaries for herself and family during marriage but permitting him, however,

the choice of discharging his obligations out of the community property rather than out of his private property. There is no presumption as to what choice he had made, nor proof thereof.

■ We hold that the Commissioner has not sustained his burden of proof.

The decision of the Tax Court is reversed.

---

3. "Nothing in this section shall be deemed to affect or modify the obligation of the husband to support his wife and family and to discharge all debts contracted by the wife for necessaries for herself and family during marriage; provided, however, that if and whenever there is community property available for such purpose the husband shall be entitled to resort to such community property rather than to his separate property."