**Irmgard SANTOS, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 15866.**

United States Court of Appeals Ninth Circuit.

Aug. 8, 1958.

Robert Ash, Carl F. Bauersfeld, Washington, D. C., for petitioner.

Charles K. Rice, Asst. Atty. Gen., Harry Marselli, Lee A. Jackson, Robert N. Anderson, James P. Turner, Attorneys, Department of Justice, Washington, D. C., for respondent.

Before STEPHENS, Chief Judge, and DENMAN and FEE, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

The Commissioner made a jeopardy assessment against Irmgard Santos on October 15, 1952, on the ground that she was transferee of the assets of her husband, Lawrence Santos, on account of income taxes owed by him for previous years. A considerable sum of interest was also assessed on the transferee liability. The amount of the individual income tax overpayment of Irmgard Santos had previously been determined pursuant to stipulation in the Tax Court for the years 1945 and 1946. The overpayments of income tax for these years were applied by the officials against the assessed transferee liability by two credits upon the books of the District Director, which represented the amounts of the overpayments for the two years and which, plus a minor cash payment, equalled the amount of the jeopardy assessment.

After the jeopardy assessment, Irmgard Santos petitioned the Tax Court for a redetermination of the deficiency. The Tax Court held that the determination of the Commissioner was correct. Upon review, the Court of Appeals held that the Commissioner had not sustained the burden incumbent upon him of proving that Irmgard Santos had received certain assets as a transferee of individual property of her husband, Lawrence Santos,

rather than her share of community property, and reversed. Santos v. Commissioner, 9 Cir., 246 F.2d 204.

Thereafter, on August 7, 1957, the District Director reversed the credits given to Irmgard and applied these sums against the income tax liability of Lawrence for the year 1945, evidently upon the ground that, as community property, it was subject to the income tax liability of the husband. The Tax Court subsequently ordered the prior decision vacated pursuant to the mandate of this Court. The proceeding was placed upon the motion calendar. On August 26, 1957, the Commissioner filed a motion for entry of decision finding no liability on the part of Irmgard, as transferee of the assets of Lawrence, for the years 1943 to 1946, inclusive. This motion was granted by the Tax Court also in accordance with our mandate, and an order was entered on August 28, 1957.

Irmgard filed a motion to vacate the decision of August 28, 1957, and for the entry of a judgment of an overpayment on account of the alleged transferee liability including interest. The Tax Court denied the motion to vacate upon the ground that there was no overpayment in this case because of the reversal of credits in the account of Irmgard Santos on August 7, 1957.

There can be no finding by this Court that either the Tax Court or the Commissioner has disregarded or attempted to circumvent or nullify our previous decision above cited. There we said:

"There is no question concerning either petitioner's receipt of this money or concerning the insolvency of her husband at the time of its receipt. Hence the question presented is whether the Commissioner maintained his burden of proof that this money was not her community property and was received by her without consideration." Santos v. Commissioner, 9 Cir., 246 F.2d 204, 205.

Our scope of review was, according to the question propounded, quite limited.

This Court had no power to order the commissioner to make a refund to the wife. If there be any such power, it must lie in another proceeding. See United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 542–543, 57 S. Ct. 855, 81 L.Ed. 1272. But we do not pass upon this point.

We have no power to review the matter further.

Appeal dismissed.