[Crim. No. 6143.   Second Dist., Div. Two.   Oct. 15, 1958.]

THE PEOPLE, Respondent, v. ALBERT HOLLINS, Appellant.

Albert Hollins, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

ASHBURN, J.—Convicted of unlawful possession of narcotics (Health & Saf. Code, § 11500), with a prior conviction of a like offense found to be true, defendant appeals from

the judgment, appearing in propria persona. He makes various contentions, none of which is meritorious.

It is argued that appellant, who was tried upon an information, was deprived of his constitutional right to have an issue raised at the preliminary hearing through entry of a plea to the complaint; that the court exceeded its jurisdiction in hearing evidence without having taken a plea from defendant. Reliance is placed upon that portion of section 8, article I, of the state Constitution, which reads: "If the felony charged is not punishable with death, the magistrate shall immediately upon the appearance of counsel for the defendant read the complaint to the defendant and ask him whether he pleads guilty or not guilty to the offense charged therein." There is no basis in the record for this argument. There is before us only the transcript of the hearing before the magistrate and that of the trial in the superior court, which included by stipulation the transcript of the preliminary hearing. The record is silent on the subject of arraignment and hence the presumption is against appellant, whose duty it was to present a record affirmatively disclosing any error or denial of rights of which he complains. *People* v. *Lane,* 144 Cal.App.2d 87, 90 [300 P.2d 321], is in point. It says: "Defendant, in propria persona, first contends that he is entitled to a reversal of the judgment 'because he had no preliminary hearing on the charge for which he was sent to prison.' The record does not bear out this contention and in the absence of proof to the contrary, it must be presumed on appeal that the proceedings in the court below were proper and in accordance with the law and that the court was acting in the lawful exercise of its jurisdiction." Also declaring and applying that presumption are *People* v. *Hinshaw,* 194 Cal. 1, 10 [227 P. 156] ; *People* v. *Jackson,* 138 Cal. 462, 463 [71 P. 566] ; *People* v. *Denne,* 141 Cal.App.2d 499, 514 [297 P.2d 451] ; *People* v. *Goldberg,* 152 Cal.App.2d 562, 576 [314 P.2d 151].

Section 995, Penal Code, provides that an information must be set aside upon motion of defendant upon a showing that "before the filing thereof the defendant had not been legally committed by a magistrate." Appellant claims that that is the situation here, but the record discloses no such motion made by him. Section 996, Penal Code, says: "If the motion to set aside the indictment or information is not made, the defendant is precluded from afterwards taking the objections mentioned in the last section." Such waiver

has been enforced frequently by the courts. "Complaint is also made of a number of asserted irregularities in connection with petitioner's arrest and preliminary examination, including the claim of lack of sufficient evidence to warrant holding him for trial, but none of them furnish ground for release on habeas corpus after trial and conviction. All of these objections relate to the legality of the commitment by the magistrate, and petitioner's remedy was by motion pursuant to section 995 of the Penal Code to set aside the information. No such motion was made and, accordingly, any invalidity in the proceedings prior to the commitment is deemed waived under section 996. (*In re Tedford,* 31 Cal.2d 693, 694 [192 P.2d 3] ; *People* v. *Harris,* 219 Cal. 727, 729-730 [28 P.2d 906] ; *People* v. *Coates,* 95 Cal.App.2d 78, 80 [212 P.2d 263] ; *In re Heinze,* 116 Cal.App. 286, 288-289 [2 P.2d 561] ; *In re Northcott,* 71 Cal.App. 281, 283 [235 P. 458[.)" (*In re Razutis,* 35 Cal.2d 532, 534 [219 P.2d 15].) *People* v. *Lane, supra,* 144 Cal.App.2d 87, 90, is to the same effect.

Next it is argued that section 4½ of article VI of the California Constitution cannot be applied to this case in such manner as to deprive appellant of due process or equal protection of the laws as guaranteed by the federal Constitution. Granted. But there is no occasion to apply section 4½ to the instant case. The alleged errors are insufficient to warrant a reversal under the law which prevailed prior to enactment of section 4½. There is no prejudicial error shown at bar. Moreover section 4½ has been held not vulnerable to the attack now made by appellant. See *Sampsell* v. *California* (9th Cir.), 191 F.2d 721, 726; *People* v. *Cowan,* 44 Cal.App.2d 155, 159 [112 P.2d 62].

The contention that the prosecutor knowingly used perjured testimony as a means of securing appellant's conviction is without substance. Appellant relies upon certain inconsistencies in the testimony of Police Officer Campillo who in two instances changed his testimony on cross-examination in respects which were and are inconsequential. The changes well may be considered as corrections of statements made inadvertently upon direct examination. Moreover, there is not an iota of evidence to indicate that the prosecuting officials knew that any of the assertedly perjurious evidence was false. *In re Allen,* 47 Cal.2d 55, 59 [301 P.2d 577], is apposite : "But even if we were to assume, as petitioners contend, that Biersdorff did testify falsely, there has been a

failure to prove sufficient facts to warrant relief in a habeas corpus proceeding. Petitioners have the burden of showing, not only that they were convicted by perjured testimony, but also that the prosecuting officials suffered the testimony to be introduced knowing that it was perjured. [Citations.] Here there is a complete lack of evidence that the prosecuting officials knew that the testimony was false." "The petitioner must show by a preponderance of substantial, credible evidence that perjured testimony was knowingly presented by the prosecution (*In re Mooney,* 10 Cal.2d 1, 15 [73 P.2d 554]), and that such testimony established an essential element of her conviction." (*In re Mitchell,* 35 Cal.2d 849, 856 [221 P.2d 689].)

Appellant says that he was "ineffectively represented by counsel of his own choice" who "failed in his duty to the court as well as the defendant to diligently persue and timely raise the objections necessary to protect the fundamental rights of the accused." The Supreme Court recently said, concerning the claim of inadequate representation by counsel: "But even if we concede that defendant's attorney may not have used the best of strategy in handling the *voir dire* examination and in failing to challenge some of the prosecutor's remarks, defendant still has not made that type of showing which alone would compel us to conclude that he was deprived of due process within the meaning of the constitutional guarantees. (U. S. Const., 14th Amend., §1.) The handling of the defense by counsel of the accused's own choice will not be declared inadequate except in those rare cases where his counsel displays such a lack of diligence and competence as to reduce the trial to a 'farce or a sham.' (*Lunce* v. *Overlade* [7th Cir.], 244 F.2d 108, 110; see also *Taylor* v. *United States* [9th Cir.], 238 F.2d 409, 413-414, cert. denied, 353 U. S. 938 [77 S.Ct. 817, 1 L.Ed.2d 761]; *United States* ex rel. *Feeley* v. *Ragen* [7th Cir.] 166 F.2d 976, 980-981; *Hendrickson* v. *Overlade* [N.D. Ind.], 131 F. Supp. 561, 562-564.) The record in this case does not even remotely approach such a situation. Defendant's sole defense lay in his claim that his identification by the victims was incorrect. His counsel vigorously cross-examined the prosecution's witnesses to test their memories, and assiduously attempted to establish an alibi and to show defendant's good character. He at most committed what in retrospect may be claimed to be mistakes in judgment by following certain strategy employed. Such mistakes, if any, do not constitute a denial

of due process. (*United States* ex rel. *Darcy* v. *Handy* [3d Cir.], 203 F. 2d 407, 426, cert. denied sub nom. *Maroney* v. *United States* ex rel. *Darcy*, 346 U.S. 865 [74 S.Ct. 103, 98 L.Ed. 375].)'' (*People* v. *Wein*, 50 Cal.2d 383, 409-410 [326 P.2d 457].) Appellant's assignments do not approach fulfillment of the test prescribed by the Wein case.

He claims there is in the reporter's transcript an answer of a forensic chemist which required vigorous cross-examination by defense counsel and that the matter was not properly pursued. This is an effort to capitalize an obvious error in transcription.[1] The attorney had ceased to represent appellant before the transcript was prepared. Appellant filed the notice of appeal in propria persona on November 18, 1957, and the reporter's transcript was not certified by the court reporter until December 11, 1957, or by the judge until December 27, 1957. So far as the record shows defendant's former counsel could not have had anything to do with the correction or settlement of the transcript.

Appellant says his counsel should have moved to dismiss because the arresting officer made an illegal search. Appellant was arrested when he opened the door in response to the officer's knock; told that he was arrested upon ''suspicion of narcotics,'' he invited the officer in and a search was then made of appellant's person and his room. But nothing in the way of narcotics was found. Hence the search, even if unlawful, could have no prejudicial effect upon his trial.

It is also said that counsel did not properly capitalize by cross-examination, objection or motion to dismiss, alleged hearsay and inconsistent statements in Officer Campillo's testimony. *People* v. *Wein, supra,* fully answers this contention.

---

[1]Reference is made to the following portion of the transcript: ''Q. Have you had an opportunity to analyze the contents of any of the containers? A. I analyzed the contents of all of the containers. Q. And you formed an opinion as to what these contents are? A. I did, sir. Q. What is that opinion each of the small rubber containers contained the narcotic commonly referred to as heroin. Q. Have you made a determination of the amount or weight of this substance? A. The total weight would be approximately 221 grains.''

In his argument to the trial judge (there being no jury) counsel for defendant said:

''I submit to the Court that this defendant has nothing in his possession, he has completely denied any knowledge of the articles found there, and the only testimony we have is that of the officer that this particular defendant buried something in a patch of asphalt out there and that later on they dug it up and found it to be a package containing heroin.''

■ Again it is argued that defense counsel improperly waived defendant's right to have the process of the court to compel the attendance of witnesses and the right of defendant to confront the witnesses against him. This contention grows out of the fact that Officer Campillo was on call as a defense witness when the superior court trial opened but he did not appear at that time. Defendant's counsel said: "I know Officer Campillo very, very well. I feel the only thing that kept him from getting here is something unavoidable. I will try to get along without him." The court suggested a continuance of one week but the attorneys made a stipulation concerning identification of a certain diagram and certain photographs which satisfied defense counsel and the matter was dropped. Obviously the argument is without merit.

Appellant has shown no prejudicial error.

The judgment is affirmed.

Fox, P. J., and Herndon, J., concurred.