[Crim. No. 2973.   Third Dist.   Sept. 8, 1959.]

THE PEOPLE, Respondent, v. WINFORD J. REICHENAU, Appellant.

*Assigned by Chairman of Judicial Council.

Harold L. Abbott for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier and Robert K. Puglia, Deputy Attorneys General, for Respondent.

PEEK, Acting P. J.—Defendant appeals from a judgment of conviction following a jury verdict finding him guilty of violating section 476a of the Penal Code.

The evidence shows that on November 3, 1958, a joint commercial account was opened at the main office of the First National Bank of Nevada in Reno in the names of defendant and Mary Anne Reichenau, his wife. Except for the initial deposit of $250, no other moneys were deposited in the account. On November 14, 1958, the account was overdrawn. A notice thereof was mailed to the defendant and his wife on November 15, 1958, and a second notice was mailed on November 19, 1958. On November 22, 1958, defendant's wife presented a check, which forms the basis of the charge, in the amount of $100 to the Susanville Motor Supply of Susanville, in payment of a bill in the sum of $12. The balance of $88 was taken by her in cash. The check was deposited in the supply company's bank and was later returned with the information that the account was closed. On that same day defendant's wife presented seven other checks to various merchants in Susanville. In each instance she purportedly paid the bill with a check drawn in an amount substantially greater than the bill and received the balance in cash. Later that same day, with the cash she had so obtained, she paid the sum of $724.51 which represented the balance due on a truck which had been repossessed from the defendant three days previously.

The defendant was not with his wife during any of the transactions of November 22, 1958. Earlier that month, however, he had presented a check in the sum of $200 to the

owner of a local welding service in payment of a bill amounting to $89.19 and received the balance in cash. This check also was returned to the payee. In response to a letter from the district attorney's office, restitution was made by defendant. Admittedly neither the defendant nor his wife had any credit arrangement with the bank to cover the overdrafts. Additionally, there was testimony that defendant had signed some 40 other checks, none of which had been negotiated. A handwriting expert testified that each check passed by defendant's wife bore the defendant's signature as maker. The defendant and his wife were arrested on the evening of December 2, 1958, in a small town a short distance from their ranch. Upon returning to the ranch, defendant and his wife were in one car which he was driving, and the arresting officers were following in a second car immediately behind them. Upon reaching his ranch, the defendant suddenly shut off his lights and sped away, effecting an escape. Approximately a week later he and his wife were apprehended in Nevada and were returned to California for trial.

The essential elements of the offense denounced by section 476a of the Penal Code are (1) the intent to defraud; (2) the drawing of a check; (3) a lack of sufficient funds or a credit with the drawee at the time the check is made; and (4) knowledge on the part of the accused of such lack of funds or credit.

While it is true, as defendant contends, that the record contains no direct evidence he participated in the crime, there is ample evidence from which his participation can be inferred. All of the checks were signed by him; the money received by his wife from the checks which she cashed was used to redeem a truck which had been repossessed from the defendant; when arrested they inquired concerning the warrant and the person who signed the complaint; they also wished to know what they could do about restitution or what, if anything, they could do concerning the checks which were still outstanding, the total amount of which the defendant voluntarily told the arresting officer was approximately $900. Thus there was ample evidence from which the jury could properly infer that the defendant aided in the commission of the offense, and since each element of the offense previously mentioned was a question of fact for the jury to determine (*People* v. *Lane*, 144 Cal.App.2d 87 [300 P.2d 321]), its determination will not be disturbed on appeal.

In support of his second contention defendant argues

t h

that where flight may be considered indicative of a guilty conscience, the essential qualification is that the defendant must know that he is charged with a specific crime. (See *People* v. *Erno*, 195 Cal. 272, 280-281 [232 P. 710].) The basis of his argument is that he thought he was being arrested on the Nevada charge, hence there could be no flight from the present charge in that he did not know of its existence. From the evidence previously summarized, it is quite apparent that the defendant knew the charge for which he was being arrested. Although the arresting officer had never seen the warrant, he did know the specific charge involved and he told the defendant and his wife that they were under arrest for that charge. Again, although the officer did not know which specific checks were set forth in the charge, he knew that it was for checks passed in Susanville and so informed the defendants. Furthermore the defendant discussed the checks with the officer and volunteered information concerning them. Under such circumstances the contention is without merit.

The judgment is affirmed.

Schottky, J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.