Irmgard SANTOS

v.

**UNITED STATES.**

No. 433–58.

United States Court of Claims.

May 4, 1960.

Robert Ash, Washington, D. C., Ash, Bauersfeld & Burton, Washington, D. C., on the brief, for plaintiff.

Eugene Emerson, Washington, D. C., with whom was Charles K. Rice, Asst. Atty. Gen., James P. Garland and Philip R. Miller, Washington, D. C., on the brief, for defendant.

JONES, Chief Judge.

Plaintiff seeks to recover overpayments of income taxes for the years 1945 and 1946.

The plaintiff and Lawrence Santos were married in 1928 and were living together as husband and wife in Honolulu in 1945 and 1946. The record shows clearly that they had considerable income during those years from community property. However, according to the findings of the Tax Court they lived lavishly, had an $80,000 home and three late-model cars, and between 1948 and 1950 the husband accumulated $81,000 in cashier's checks.

The husband transferred to the plaintiff in 1950 the proceeds of the cashier's checks sufficient to purchase $80,000 in U.S. Treasury 2½ percent bearer bonds. She sold these bonds; used $10,000 to pay the joint territorial taxes of herself and her husband, and used the balance, some $68,287.90, to pay individual income tax liability that had been asserted against her for the years 1943 to 1947, inclusive. At the time of the transfer of these funds from the husband to the plaintiff the husband was insolvent.[1]

Later it was determined that there was an overpayment of plaintiff's individual taxes. However, in lieu of refunding the overpayment, the Collector of Internal Revenue applied these overpayment sums to the liquidation of income taxes owed by her husband for the same years, the

---

1. "During the period December 31, 1947, to December 31, 1952, Lawrence Santos was insolvent." Irmgard Santos v. Commissioner, 26 T.C. 571, 577.

"There is no question concerning either petitioner's receipt of this money or concerning the insolvency of the husband at the time of its receipt." Santos v. Commissioner, 9 Cir., 246 F.2d 204, 205.

collector having made a jeopardy assessment against her for that purpose.

There has been considerable litigation in respect to the various phases of the sums involved in this suit. As indicated, the Commissioner of Internal Revenue in 1952 had made a jeopardy assessment against the plaintiff on the asserted ground that as transferee of the assets of her husband, Lawrence Santos, on account of income taxes owed by Lawrence Santos for 1943 to 1946, inclusive, she was, to the extent of the assets transferred to her by her husband, liable for the payment of the unpaid taxes of her husband.

On appeal by plaintiff to the Tax Court, the action of the Commissioner of Internal Revenue was approved. 26 T.C. 571. The Court of Appeals on June 28, 1957, reversed the Tax Court decision on the ground that the Collector of Internal Revenue had not discharged the burden of proving that the funds used by the plaintiff were not community property. Apparently the plaintiff in that case had contended that the property received was her share of the community income. The Court of Appeals held that the Commissioner of Internal Revenue had not discharged the burden of showing that the large sums that had been transferred to the plaintiff while the husband was insolvent were from the husband's separate property. The issue of whether, if the funds transferred were community funds, such funds would also be liable was not treated as an issue in that decision.

In the meantime in another proceeding in the Tax Court, Irmgard Santos v. Commissioner, No. 42682, the Tax Court had, on August 10, 1954, entered an order pursuant to a stipulation of the parties that there were overpayments of plaintiff's individual income taxes for the years 1945 and 1946 in the principal sums of $24,768.51 and $38,237.18, respectively.

The District Director of Internal Revenue reversed on his books the credits he had previously made on account of plaintiff's alleged transferee liability, and applied the credits against the income tax liability of Lawrence Santos for 1945.

The Tax Court by order of December 6, 1957, denied plaintiff's motion of September 6, 1957, which is set out in finding 11, and by order, which is set out in finding 13, refused to set aside the action of the District Director of Internal Revenue who had determined that the overpayments had been absorbed in the credits and that there was no overpayment in the proceeding at that time.

The plaintiff appealed to the United States Court of Appeals for the Ninth Circuit, which court on August 8, 1958, dismissed the petition on the ground that it had no power to order the Commissioner to make the refund. 260 F.2d 583.

The situation is somewhat confused, but it seems that the basis of these several decisions, as shown by the ultimate outcome, was the question of whether the securities which were transferred by the husband to plaintiff while he was insolvent were from his separate property rather than from the community property.

The issue before this court is whether the record justifies a holding that the checks transferred by Lawrence Santos to his wife were community property; and if they were community property whether such proceeds were liable under the Hawaiian statutes as they existed at that time for the income taxes of the plaintiff and her husband.

■ In view of the entire record we can find no reasonable basis for holding that the Collector of Internal Revenue was in error in treating the funds transferred to the plaintiff by her husband at the time he was insolvent as community property. The original cashier's checks were payable to both the plaintiff and her husband. The husband used these checks to buy bonds. These bonds were delivered to plaintiff who sold them and used the proceeds to pay her taxes. The bonds were easily traceable.

In the original Tax Court suit the plaintiff had contended that they were community funds and thus escaped the

charge that they were a gratuity from the husband's separate property.

The Commissioner, in making the application of the funds to the jeopardy assessment, treated them as community funds. In fact, the plaintiff substantially admitted in the brief and oral argument that they were community funds.

The cases cited and relied upon by the plaintiff were not cases arising in States or areas in which community property laws were applicable.

The single issue thus remains before this court as to whether community property under the Hawaiian Code [2] as it existed in 1945 and 1946 was liable for the income taxes for those years.

■ Under the broad provisions of the Hawaiian community property law in effect in 1945 and 1946, we have no doubt that the income taxes of the husband were "debts or liabilities" for which the community property was chargeable.

In the light of the record and of the findings of the trial commissioner, which findings we have adopted and approved, we are unable to find that the District Director of Internal Revenue was in error in applying the funds in question as a credit on the tax obligation at issue. We find nothing in the opinions and proceedings before the Tax Court and the Court of Appeals for the Ninth Circuit which is contrary to this view. Those actions and proceedings did not in any way change the character of the funds which were in the hands of the defendant or the defendant's right to use those funds in any legal manner. The amount of tax liability and the holding of the Ninth Circuit that the plaintiff was not liable as a transferee remain undisturbed. Under the statute neither the Tax Court nor a Court of Appeals on appeal from such court has jurisdiction to order a refund, nor do they have authority in a proceeding through the Tax Court to determine whether a credit made by the Director or Commissioner is legal; such a question can only be determined in a suit for refund in a district court or in this court. This situation was recognized by the Ninth Circuit in its decision in the second of these cases when it said: "This Court has no power to order the Commissioner to make a refund to the wife [plaintiff]. If there be any such power, it must lie in another proceeding. * * * But we do not pass upon this point." [260 F.2d 584.]

The plaintiff's petition is dismissed.

It is so ordered.

LARAMORE, MADDEN, and WHITAKER, Judges, concur.

---

2. Chapter 301A, section 13(c) of the Revised Laws of Hawaii (1945) is as follows:

"The community property shall be liable for debts contracted by the husband or by the wife or by both, and for liabilities of the husband or the wife or both arising out of tort or otherwise, in any transaction entered into or action taken by the husband or the wife or both relating to the management or control or disposition of or other dealing with or for the protection or benefit of the community property. With respect to the liability of community property for such debts and liabilities, no distinction shall be made between community property subject to the management and control of the wife and community property subject to the management and control of the husband." Laws 1945, p. 317.