[Crim. No. 14.   Fifth Dist.   Mar. 5, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. STANLEY ALLEN FOSS, Defendant and Appellant.

Stanley Allen Foss, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Nat A. Agliano, Deputy Attorney General, for Plaintiff and Respondent.

STONE, J.—This is an appeal from a judgment entered after a jury found appellant guilty of violation of Penal Code, section 245, assault by means of force likely to produce great bodily injury.

Pursuant to appellant's request for appointment of counsel

to represent him on this appeal, an attorney of many years' experience in the trial and appeal of criminal matters, was appointed. He advised this court by letter that his study of the record led him to believe that defendant does not have a meritorious defense on appeal, and for that reason he could not in good conscience accept the appointment. Appellant then proceeded with the appeal in propria persona.

We have carefully read the record in this case, and studied the briefs of appellant and respondent in an effort to protect the interests of appellant, who represents himself without benefit of counsel. Appellant bases his appeal upon two grounds: one, that the court lacked jurisdiction to try him; two, that he was inadequately represented by court-appointed counsel.

The assault of which appellant was convicted occurred in his home in the City of Modesto. Appellant and his wife had been having marital difficulties for some time, and immediately preceding the attack appellant had returned to his home after a five or six days' absence. His wife was questioning him about money for food and utilities when his father-in-law, a Mr. Reise, entered the home bringing with him a shopping bag filled with clothing and a pair of shoes for appellant's children. Reise, an investment banker residing in San Francisco, had driven to Modesto the morning of the attack. When Reise entered the house, appellant rushed at him, seized him by the neck or head, hit him in the face several times, and knocked him to the floor. Appellant picked up the shopping bag carried by Reise and struck him across the face and chest with it. Appellant then walked hurriedly out of the house toward his car; his daughter, Barbara, who had witnessed the incident, followed him to the porch and shouted for help. Appellant turned and ordered her to "shut up."

Reise had been struck on the chin and left jaw so severely that blood and clear fluid ran from the corner of his mouth. He was still unconscious at the time of the trial, some nine months later. Bleeding into the brain and the brain stem caused irreversible brain damage leading to a medical prognosis of eventual death as a result. Reise was 64 years of age, 5 feet 10 inches tall, and weighed 160 pounds. Appellant was 36 years of age, 6 feet 3 inches tall, and weighed 294 pounds. Appellant pleaded not guilty, and not guilty by reason of insanity.

When the case came on for trial July 26, 1960, defense

counsel moved, pursuant to Penal Code, section 1368, to suspend proceedings on the ground that a doubt existed as to appellant's present sanity. A trial on the issue of present sanity was had before a jury, which brought in a verdict that appellant was sane for the purposes of standing trial. Proceedings in the criminal action were reinstated, and on August 5, 1960, appellant moved to discharge his counsel and was joined in the motion by his counsel. On August 8, 1960, the court found that appellant was indigent, and appointed the deputy public defender to represent him. His new counsel made a motion for mistrial, which was granted, and the trial was reset for August 18, 1960. In the meantime, on August 9, court-appointed counsel moved for permission to enter the additional plea of not guilty by reason of insanity, which motion was granted. When the case came on for trial on August 18, the court expressed a doubt as to appellant's present sanity and suspended proceedings pursuant to Penal Code, section 1368. A court trial was had on the issue of present insanity on August 24. The court found that appellant was insane, and ordered criminal proceedings suspended until appellant was determined to be sane. Commitment to Atascadero State Hospital followed.

On January 20, 1961, the superintendent of Atascadero State Hospital certified appellant to be sane, the court ordered him returned for further proceedings, and the matter was set for trial on February 20. At the time set, the case came on for trial before a jury, on appellant's plea of not guilty. The jury returned a verdict of guilty of violation of section 245 of California Penal Code, as charged. Trial on appellant's plea of not guilty by reason of insanity was heard by the same jury on March 1, 1961, and by its verdict the jury found appellant sane at the time of the commission of the offense charged in the information.

An examination of appellant's brief indicates that in stating his first ground of appeal, he has mistaken jurisdiction for probable cause. The cases cited by him concerning jurisdiction have no relation whatever to his argument that the court should not have tried him because there was not reasonable or probable cause to believe that he had committed the crime charged in the information.

Penal Code, section 995, second subdivision 2, governs motions to set aside an information. It provides:

"The indictment or information must be set aside by the

court in which the defendant is arraigned, upon his motion, in either of the following cases: . . .

"If it be an information: . . . 2. That the defendant had been committed without reasonable or probable cause."

The record reflects that no motion to set aside the information, as provided by Penal Code, section 995, was made, so that the question may not be raised on this appeal. Penal Code, section 996, provides:

"If the motion to set aside the indictment or information is not made, the defendant is precluded from afterwards taking the objections mentioned in the last section."

(See *People* v. *Hollins,* 164 Cal.App.2d 191, 193 [330 P.2d 246]; *In re Razutis,* 35 Cal.2d 532, 534 [219 P.2d 15].)

Furthermore, much of the factual material alleged in appellant's brief is not found in the record. ■ It is well settled that this court cannot consider contentions based upon matters which are not contained in the record. (*People* v. *Grey,* 180 Cal.App.2d 683-689 [4 Cal.Rptr. 561]; *People* v. *Leon,* 152 Cal.App.2d 49 [312 P.2d 736]; *People* v. *Collins,* 117 Cal.App.2d 175 [255 P.2d 59].)

Appellant next contends that he was improperly represented by court-appointed counsel and, as a result, unjustly convicted. The record indicates that appellant dismissed his private counsel after he had entered a plea of not guilty, but before trial. The public defender, after his appointment, successfully moved the court to permit appellant to enter the additional plea of not guilty by reason of insanity. When the case was called for trial, counsel successfully presented evidence indicating appellant's inability to stand trial because of his present insanity, and he was committed to Atascadero State Hospital. ■ Upon appellant's return from Atascadero, counsel represented him at the trial of his plea of not guilty, and was able during this portion of the trial to present evidence relative to the mental condition of appellant which should not have been admitted. Since this was beneficial to appellant, it is not a ground for appeal. Although the evidence did not ultimately benefit appellant, since the evidence of his guilt was overwhelming, it does show that the public defender zealously represented appellant. The attorney also represented appellant at the trial of his plea of not guilty by reason of insanity. The jury found appellant sane, but not because of any dereliction of duty on the part of defense counsel. The record reflects a conscientious and creditable representation of appellant by the public defender.

Appellant was afforded a fair trial. We have found no error and there is ample evidence to sustain his conviction.

The judgment is affirmed.

Conley, P. J., concurred.

Brown, J., deeming himself disqualified, did not participate.

A petition for a rehearing was denied April 3, 1962.