[Crim. No. 3326.   Third Dist.   Jan. 28, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. MILTON EFFMAN, Defendant and Appellant.

James D. Walsh, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and Doris H. Maier, Assistant Attorney General, for Plaintiff and Respondent.

THE COURT—Defendant appeals from a conviction, after a jury trial, of violation of Penal Code section 470 (forging or passing a forged check).

Upon defendant's request, James D. Walsh, Esq., was appointed counsel to represent him on this appeal. This attorney has advised the court he finds no merit in the appeal. After an independent review of the record, the same conclusion has been reached by the court.

Although no brief was filed, defendant in a communication to the court has made several contentions, principal of which is that there is insufficient evidence to support the verdict. Neither this nor his other contentions can be sustained.

The check in question was passed by defendant at a Yreka shoe store. Defendant had made a $74 purchase of boots and clothing. He presented the check, purportedly made by a "Charles Hammond" payable to defendant for the sum of $128.50. To the store manager who was called to okay the check defendant stated (according to the testimony of both the manager and the clerk) that he had worked for Hammond and the check was for wages earned. The check was received by the store, the merchandise was delivered and defendant was paid $54.50 in change. The check was presented to the bank and dishonored because the signature was irregular. A Charles F. and a Charles S. Hammond each testified that he had not written the check and that he neither knew defendant nor had defendant ever worked for him.

Defendant, testifying at the trial, admitted he did not know the Hammonds, but denied he had told the clerk and manager that the check was issued for wages or that he had told them he had worked for the Hammonds. His testimony then was that while he was sitting in a friend's car a passing stranger, observing defendant's guitar in the back seat, struck up a conversation with defendant and offered to buy the guitar and defendant's watch for $150. This stranger, after having tried unsuccessfully to cash a check at a grocery store, paid defendant $21.50 in cash, writing out a check for the balance. He had introduced himself as "Charles Hammond from the valley."

Defendant's theory is that the testimony of the store clerk and manager is incredible, but that his should have been accepted by the jury. This sort of wishful thinking is not untypical and is understandable. It can strike no responsive chord in the reasoning processes of an appellate court.

Forgery as defined by Penal Code section 470 does

not require proof that defendant wrote the forged check. Its definition includes the passing of a check known to be forged with intent to defraud. (*People* v. *Chapman,* 156 Cal.App.2d 151 [319 P.2d 8].) ▮ It has been said that: " [m]ere possession of a forged instrument is a circumstance affording some evidence of knowledge of its spurious nature." (*People* v. *Rosborough,* 178 Cal.App.2d 156, 163 [2 Cal.Rptr. 669].) Here, of course, there was much more than mere possession. There was the conflict between the story told by the defendant to the store employees and that told on the witness stand as to how he had come by the check.

The further contentions of defendant may be disposed of summarily. The contention that on the "amended" information defendant was not charged with a Penal Code section 470 violation has no basis in fact. The record shows there was no amended information. The original information expressly charges him with violation of said section. The contention that his attorney "let him down" and that the judge was prejudiced reads familiarly. It has no basis in the facts in the record.

Judgment is affirmed.