[Crim. No. 18171. Second Dist., Div. Four. Jan. 18, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
MIGUEL LANDRY, Defendant and Appellant.

**COUNSEL**

Mitchell D. Litt, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**DUNN, J.**—An information charged defendant with forgery, a felony, in violation of Penal Code section 470. After a jury waiver, he was tried by

the court on the basis of the evidence introduced at his preliminary hearing, and was found guilty. He was sentenced to six months in the county jail and appeals.

The prosecution's evidence established that, on December 18, 1969, defendant handed a $50 check to Mary Seib, a cashier in the Ralphs Market located at 4360 Figueroa Street, Los Angeles, and asked her to cash it. The check, No. 121, was signed with the name of John A. Webb and was payable to Ralphs Market. Defendant also handed Webb's bank deposit book to Mrs. Seib. Mrs. Seib was acquainted with Webb and with his signature and, recognizing that the signature on the check was not Webb's, she alerted the manager.

As presented to her, the amount of fifty dollars was written out on the check, but the spaces for the numerical amount and for the date had not been filled in. Accordingly, Mary Seib wrote those in, herself.

John Webb testified that he was visiting in the home of a friend on December 17th. Defendant also was there. Webb had his checkbook with him at the time, but next morning was unable to find it. Check No. 121 had been in the checkbook. Webb had not signed it nor had he given the book to appellant nor authorized him or anyone else to sign or use any one of the checks.

Appellant produced no evidence nor did he testify himself.

■ Appellant clearly committed a forgery for, although there was no evidence that he signed Webb's name, he did attempt to pass or utter ("make use of": *People* v. *Jones* (1962) 210 Cal.App.2d 805, 807 [27 Cal. Rptr. 35]) the check knowing it to be false and with the necessary intent. (Pen. Code, § 470; *People* v. *Ruiz* (1951) 103 Cal.App.2d 146, 149 [229 P.2d 73].) Thus, appellant's presentation of the deposit book, apparently for the purpose of establishing his identity as that of Webb, lends itself to an inference of guilty knowledge and intent. Furthermore, "It has been said that: '[m]ere possession of a forged instrument is a circumstance affording some evidence of knowledge of its spurious nature.' " (*People* v. *Effman* (1963) 212 Cal.App.2d 414, 416 [28 Cal.Rptr. 85].)

■ It is appellant's contention, however, that no forgery was committed because the check, as presented for encashment, was incomplete in the particulars mentioned and that, to quote from appellant's brief, "to constitute forgery in the legal sense, the instrument must be such as, if genuine, would be of some legal efficacy, real or apparent, as otherwise it would have no legal tendency to defraud."

Appellant concedes the absence of the numerical amount is not, alone,

sufficient to support his argument. He admits a majority of decisions hold it to be a mere "marginal notation to be used as a convenient index and as an aid in removing ambiguity in the amount written out in the instrument itself." (*People* v. *Jones, supra,* 210 Cal.App.2d at p. 808.)

Appellant also concedes, as well he may since it is statutory (Com. Code, § 3114), that the omission of the date does not affect the negotiability of a check, but he contends such omission renders the check invalid for incompleteness. Early authority (*Collins* v. *Driscoll* (1886) 69 Cal. 550 [11 P. 244]) held otherwise. But we need not pursue the matter, since such a check, being negotiable, clearly is not void and may have some "legal efficacy," to employ appellant's terminology. (And see: *People* v. *McKenna* (1938) 11 Cal.2d 327, 332-333 [79 P.2d 1065]; *People* v. *Thorn* (1934) 138 Cal.App. 714, 726 [33 P.2d 5].)

Appellant further contends that, although separately innocuous, the omission of the numerical sum taken together with the lack of any date combine to render the check unavailing as evidence of a forgery. Authority for this theory of a cumulative effect to be given omissions is not cited and our research has disclosed none. We find no merit in the contention. Furthermore, so far as the record indicates Mrs. Seib inserted the date and numerical amount when defendant handed the check to her, and without objection from him. From this it may be inferred that Mrs. Seib had defendant's authority to do what she did. (Com. Code, § 3115.)

█ Appellant also argues that the check was not received in evidence. From this he reasons that he was held to answer at the preliminary hearing without reasonable and probable cause, and the magistrate thus had no jurisdiction to bind him over to the superior court.

Appellant never moved for a dismissal pursuant to Penal Code section 995, and under section 996, he therefore lost any right to move to set aside the information on the grounds available to him under section 995. (*People* v. *Harris* (1967) 67 Cal.2d 866, 869-871 [64 Cal.Rptr. 313, 434 P.2d 609]; *People* v. *Gilliam* (1952) 39 Cal.2d 235, 241 [246 P.2d 31]; *People* v. *Gaynor* (1963) 223 Cal.App.2d 575, 582-583 [36 Cal.Rptr. 219]; *People* v. *Foss* (1962) 200 Cal.App.2d 901 [20 Cal.Rptr. 28].) Appellant cites *Parks* v. *Superior Court* (1952) 38 Cal.2d 609 [241 P.2d 521] as supportive of his claimed right now to complain but, there, a motion to dismiss under Penal Code section 995 had been made. Likewise unavailing is his citation of *Harden* v. *Superior Court* (1955) 44 Cal.2d 630 [284 P.2d 9], involving a civil matter unrelated to criminal procedures.

Furthermore, the check was, in fact, properly before the superior court as evidence. Thus, no order had been made at the preliminary hearing, specifi-

cally admitting or excluding the check.[1] But at the superior court trial, both prosecution and defense tacitly assumed the check was properly before the court as People's Exhibit 1 in evidence.[2] Under such circumstances, the check properly was considered.

The judgment is affirmed.

Kingsley, Acting P. J., and Irwin, J.,* concurred.

---

[1]"MR. BYRNE: People move to have People's 1 for identification admitted into evidence as People's 1.
"MR. SCOTT: Nothing further.
"MR. BYRNE: People rest at this time, your Honor."
The court made no order admitting or excluding People's Exhibit 1.

[2]"MR. GROSS: . . . further stipulated, Your Honor, the exhibit received at the time of the preliminary hearing is deemed received into evidence for the purpose of this trial and, further stipulated, Your Honor, the People's transcript be received by the Court as People's 2 by reference and, further stipulated, Your Honor, that either side may present further additional testimony if so desired.
"MR. AVAN: It is so stipulated.
"THE COURT: That is agreeable with you, Mr. Landry?
"THE DEFENDANT: Yes."

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.